United States Courts
Southern District of Texas
FILED

April 26, 2022

**UNITED STATES DISTRICT COURT**     Nathan Ochsner, Clerk of Court
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN THE MATTER OF                )
                                )
THE EXTRADITION OF              )     Misc. No.    **4:22-mj-936**
                                )
RENÉ ALBERTO URDANETA LEÓN      )

COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on

information and belief that the following is true and correct:

1.      In this matter, I represent the United States in fulfilling its treaty obligation to Argentina.

2.      There is an extradition treaty in force between the United States and Argentina, the

Extradition Treaty Between the Government of the United States and the Argentine Republic,

U.S.–Arg., June 10, 1997, S. Treaty Doc. No. 105-18 (1997) (the "Treaty").

3.      Pursuant to the Treaty, the Government of Argentina has submitted a formal request

through diplomatic channels for the extradition of René Alberto Urdaneta León ("URDANETA

LEÓN").

4.      According to the information provided by Argentina, URDANETA LEÓN was charged

with sexual abuse with carnal access in violation of Sections 45 and 119, paragraph 3 of the

Argentine Criminal Code.

5.      This offense was committed within the jurisdiction of Argentina.  A warrant for

URDANETA LEÓN's arrest was issued on September 26, 2019, by Judge Silvia Nora Ramond

of the Argentine Court with Jurisdiction over Criminal and Correctional Matters No. 3 (the

"Argentine Court"), at Buenos Aires, Argentina.  Additionally, an international arrest warrant

was issued on December 16, 2019, by Judge Marianito Iturralde of the Argentine Court.

6.      The warrant was issued on the basis of the following facts:

URDANETA LEÓN, a Venezuelan national living in Buenos Aires, Argentina, is accused of sexually abusing L.R.N. ("L.R.N." or the "victim") in the early morning hours of May 23, 2019.  According to statements provided by the victim, which were corroborated by her roommate, on the night of May 22, 2019, L.R.N. and her roommate, C.M.P., met URDANETA LEÓN and his cousin, "Carlos," at a bar to celebrate C.M.P.'s birthday.[1]  Afterwards, the four of them went to L.R.N.'s and C.M.P.'s apartment, where they continued to drink.  At some point, Carlos left to buy more alcohol, and L.R.N. went to her room to go to sleep.[2]

According to statements provided by the victim, around 4:00 a.m. on May 23, 2019, URDANETA LEÓN entered her room and, without saying anything, pushed her against her closet and started kissing her and touching her all over her body.[3]  L.R.N. told authorities, "I told him to stop, I pushed him, and he did not stop, he was hurting me a lot.  I could not get rid of him."[4] URDANETA LEÓN ignored her physical and verbal protests, unbuttoned her pants and penetrated her vagina with his fingers.  L.R.N. could not remember if she shouted or pushed him away, but at some point URDANETA LEÓN moved away, telling her that he had not stopped earlier because he thought she was enjoying it.[5]

Once Urdaneta León left, L.R.N. went to bed, crying herself to sleep.[6]  A few hours later, L.R.N. told C.M.P about the incident over text message.[7]  According to the victim, C.M.P. told

---

[1] EXT_Urdaneta_000073, 0092.
[2] *Id*. at 0073-0076.
[3] *Id*.
[4] *Id*.
[5] *Id*. At 0076, 0098.
[6] *Id*. at 0076.
[7] *Id*.

L.R.N. that earlier that same night, URDANETA LEÓN had approached C.M.P. in her room and tried to pressure her to have sex with him.  C.M.P. said that URDANETA LEÓN left her room after she rejected his advances.[8]

After L.R.N. filed the police report, she was interviewed by medical and other licensed professionals.  A medical interview ordered by the Argentine Court was executed by Dr. Guillermo Naveiro.[9]  L.R.N. was also interviewed by professionals from the Movile Agency of Assistance to Victims of Sexual Violence ("Movile Agency"), and doctors from the Forensic Medical Body of the Argentine Subject, who specialize in assessing the credibility of victims.[10]  L.R.N.'s story did not shift during any of these interviews.[11]  Moreover, the Movile Agency determined that L.R.N.'s account of the sexual abuse appeared coherent and that, despite being visibly upset, she was committed to continue with the interview and the judicial process.[12]  The doctors from the Forensic Medical Body concluded that L.R.N. had normal mental capacities and her behavior was consistent with the behavior to be expected from a victim of the alleged sexual assault.[13]  In their report, the Forensic Medical Body ruled out any personality disorders that could distort her reality and noted symptoms of post-traumatic stress disorder.[14]

Statements provided by C.M.P. to Argentine police confirmed URDANETA LEÓN and his cousin's presence at the apartment at the time of the crime.  C.M.P. also reported that prior to assaulting the Victim, URDANETA LEÓN had entered her own room and tried to kiss her three

---

[8] *Id*. at 0098.
[9] *Id*. at 0052, 0076.
[10] *Id.*
[11] *Id*.
[12] *Id*.
[13] *Id*. at 0078, 0099-0100.
[14] *Id*. at 0078.

times but, because C.M.P rejected him, he left.[15]

Communications via text messages between the victim and C.M.P., transcripts of which were obtained by the Analysis Division of the Computing Intelligence of the Police of the City of Buenos Aires and presented to the Argentine Court, mirrored the statements that L.R.N. provided to the police during the investigation.  The transcripts also revealed that L.R.N. believed URDANETA LEÓN would have raped her if she had not hit him.[16]

On June 18, 2019, URDANETA LEÓN presented himself before the Argentine Court, where he was fingerprinted and provided a declaration.  In his declaration, URDANETA LEÓN admitted that on May 23, 2019, he was in L.R.N.'s apartment where they were celebrating, that he entered L.R.N.'s room allegedly because she had asked him for a cigarette, and that they hugged.  He claimed that L.R.N. invited him to her bed, that they consensually kissed and hugged, and that he left her room after she asked him to leave.[17]

According to Argentine authorities, URDANETA LEÓN's statement contradicted what he told C.M.P. via text messages the next day about the events, specifically, that he did not remember what had happened with L.R.N. that evening.[18]

According to statements provided by C.M.P., URDANETA LEÓN claimed not to remember his assault of L.R.N. when C.M.P. contacted him by WhatsApp Messenger the next morning.[19] C.M.P. questioned URDANETA LEON's lack of recollection because, according to her, he was in perfect condition to recall what happened inside her room just minutes before he entered L.R.N.'s

---

[15] *Id*. at 0084, 0095.
[16] *Id*. at 0085.
[17] *Id*. at 0074, 0100.
[18] *Id.* at 0085.
[19] *Id*. at 0084-0085, 0100.

room.[20]

On August 26, 2019, L.R.N. requested a trial and the Argentine Court ordered URDANETA LEÓN not to leave the country.[21]  On September 26, 2019, URDANETA LEÓN was summoned to appear before the Argentine Court.  Because URDANETA LEÓN failed to appear, on September 26, 2019, the Argentine Court declared URDANETA LEÓN in default of its order and issued an arrest warrant.[22]  On December 16, 2019, the Argentine Court issued an international arrest warrant because Argentine authorities discovered that URDANETA LEÓN had left Argentina on a flight to Peru on August 21, 2019.[23]

7.      URDANETA LEÓN may be found within the jurisdiction of this Court at the El Valle Detention Facility in Raymondville, Texas.

8.      Amy Lindsay, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty, stating that the offenses for which extradition is demanded are provided for by the Treaty, and confirming that the documents supporting the request for extradition are properly certified by the principal U.S. diplomatic or consular officer in Argentina in accordance with 18 U.S.C. § 3190, so as to enable them to be received into evidence.

9.      The declaration from the U.S. Department of State with its attachments, including a copy of the diplomatic note from Argentina, a copy of the Treaty, and the certified documents submitted in support of the request, (marked collectively as Government's Exhibit #1) are filed

_____

[20] *Id*. at 0076-0077.
[21] *Id*. at 0064.
[22] *Id*. at 0064, 0085-0088.
[23] *Id*. at 0064, 0091.

with this complaint and incorporated by reference herein.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Argentina, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered.

Carrie Wirsing
Assistant United States Attorney

Sworn to me and subscribed telephonically this 27th day of April, 2022, at

Houston, TX and I find probable cause.

Peter Bray
United States Magistrate Judge

# EXHIBIT 1

EXT - Urdaneta000001

## DECLARATION OF AMY LINDSAY

I, Amy Lindsay, declare and say as follows:

    1. I am an Attorney Adviser in the Office of the Legal Adviser for the Department of State, Washington, D.C.  This office has responsibility for extradition requests, and I am charged with the extradition case of René Alberto Urdaneta León.  I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

    2. The relevant and applicable treaty provisions in full force and effect between the United States of America and Argentine Republic which apply to this case are found in the Extradition Treaty between the United States of America and the Argentine Republic, signed on June 10, 1997. A copy of the Treaty is attached to this declaration.

    3. Pursuant to the provisions of the Treaty, the Embassy of the Argentine Republic submitted Diplomatic Note No. DE 71/2020, dated April 16, 2021, formally requesting the extradition of Urdaneta León.  A copy of the diplomatic note is attached to this declaration.

    4. The Government of the United States of America provides legal representation in the United States courts for the Argentine Republic in its extradition requests, and the Argentine Republic provides legal representation in its courts for extradition requests made by the United States.

    5. The offense for which extradition is sought is covered by Article 2, Item 1 of the Treaty.

EXT - Urdaneta000002

-2-

6. The documents submitted by the Embassy of the Argentine Republic in support of its extradition request were certified on March 15, 2022, by Mark Ellis, Consul General at the United States Embassy in Buenos Aires, in accordance with Title 18, United States Code, Section 3190. Mr. Ellis, at the time he certified the documents, was the principal diplomatic officer of the United States in the Argentine Republic.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Washington, DC on April 4, 2022.

Amy Lindsay

Attachments:
1. Copy of Diplomatic Notes
2. Copy of Treaty

EXT - Urdaneta000003

EXTRADITION TREATY
BETWEEN
THE UNITED STATES OF AMERICA
AND
THE ARGENTINE REPUBLIC

The United States of America and the Argentine Republic (hereinafter also, "the Parties"),

Considering the Treaty on Extradition Between the United States of America and the Republic of Argentina, signed at Washington January 21, 1972,

Desiring to provide for more effective cooperation between the two States in the suppression of crime, and for that purpose, to conclude a new extradition treaty,

Have agreed as follows:

2

- 2 -

## Article 1
### Obligation to Extradite

The Parties agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities in the Requesting State have charged with or found guilty of an extraditable offense.


## Article 2
### Extraditable Offenses

1. An offense shall be an extraditable offense if it is punishable under the laws in both Parties by deprivation of liberty for a maximum period of more than one year or by a more severe penalty. When the request for extradition refers to a person found guilty of such a crime who is sought for the service of a sentence, extradition shall be granted only if the remainder of the sentence to be served is at least six months.

2. An offense shall also be an extraditable offense if it consists of:
   - (a) an attempt to commit any offense described in paragraph 1;
   - (b) a conspiracy as defined under the laws in the United States of America, or an illicit association as defined under the laws in the Argentine Republic, to commit any offense described in paragraph 1; or
   - (c) participation in the commission of any offense described in paragraph 1.

3

- 3 -

3.  For the purposes of this Article, an offense shall be an extraditable offense:

    (a)  whether or not the laws in the Parties place the acts or omissions constituting the offense within the same category of offense or denominate the offense by the same terminology; or

    (b)  whether or not the offense is one for which the federal laws of the United States of America require the showing of such elements as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such elements being for the purpose of establishing jurisdiction in the federal courts of the United States of America.

4.  In accordance with the provisions of this Treaty, extradition shall be granted for offenses committed in whole or in part within the Requesting State's territory, which, for the purposes of this Article, includes all places subject to that State's criminal jurisdiction.  Extradition shall also be granted for offenses committed outside the territory of the Requesting State if:

    (a)  the act or acts that constitute the offense have effects in the territory of the Requesting State; or

    (b)  the laws in the Requested State provide for punishment of an offense committed outside its territory in similar circumstances.

5.  If extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the

4

- 4 -

request even if the latter offense is punishable by deprivation
of liberty for one year or less, provided that all other
requirements for extradition are met.


### Article 3
### Nationality

The extradition and surrender of the person sought shall
not be refused on the ground that such person is a national of
the Requested Party.


### Article 4
### Political and Military Offenses

1.   Extradition shall not be granted if the offense for which
extradition is requested is a political offense.


2.   For the purposes of this Treaty, the following offenses
shall not be considered to be political offenses:

    (a)   an attack or willful crime against the physical
           integrity of the Head of State of one of the Parties,
           or of a member of the Head of State's family;

    (b)   an offense for which both Parties have the obligation,
           pursuant to a multilateral international agreement on
           genocide, acts of terrorism, illicit traffic in

EXT - Urdaneta000008

5

- 5 -

narcotic drugs and psychotropic substances, or other crimes, to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution;

(c) an attempt to commit any offense described in subparagraphs (a) and (b) above;

(d) a conspiracy as defined under the laws in the United States of America, or illicit association as defined under the laws in the Argentine Republic, to commit an offense described in subparagraphs (a) and (b) above; or

(e) participation in the commission of any offense described in subparagraphs (a) and (b) above.

3. Notwithstanding the terms of paragraph 2 of this Article, extradition shall not be granted if the competent authority of the Requested State determines that the request was politically motivated.

4. The Requested State may refuse extradition for offenses under military law that are not offenses under ordinary criminal law.

Article 5

Prior Prosecution

1. Extradition shall not be granted when the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested.

EXT - Urdaneta000009

6

- 6 -

2. If both Parties have jurisdiction over the acts for which extradition has been requested, extradition shall not be precluded by the fact that authorities in the Requested State have not instituted criminal proceedings against the person sought for those acts.  In addition, extradition shall not be precluded by the fact that such criminal proceedings, although instituted, have been discontinued, provided that the laws of the Requested State regarding double jeopardy would permit the future reinstitution of such criminal proceedings.

### Article 6
### Death Penalty

When the offense for which extradition is requested is punishable by death under the laws in the Requesting State, and the laws in the Requested State do not permit the death penalty for that offense, surrender of the person sought may be refused unless the Requesting State provides assurances that the death penalty shall not be imposed, or, if imposed, shall not be executed.

### Article 7
### Lapse of Time

Extradition shall not be denied on the ground that the prosecution or the penalty would be barred under the statute of limitations in the Requested State.

EXT - Urdaneta000010

7

- 7 -

### Article 8

#### Extradition Procedures and Required Documents

1. A request for extradition shall be made in writing and submitted through the diplomatic channel.

2. A request for extradition shall be supported by:

   (a) the most precise physical description possible of the person sought; any known information regarding the person's identity, nationality, and probable location; and, if possible, a photograph and fingerprints of such person;

   (b) a summary of the facts of the offense, and a brief explanation of the procedural history of the case;

   (c) the text of the law or laws describing the offense for which extradition is requested and the applicable penalty;

   (d) a statement that neither the prosecution nor the execution of the penalty is barred according to the prescriptive laws in the Requesting State; and

   (e) the documents, statements, or other types of information specified in either paragraph 3 or 4 of this Article, as applicable.

3. A request for extradition of a person who is sought for prosecution shall also be supported by:

   (a) a copy of the warrant of arrest issued by an appropriate authority;

EXT - Urdaneta000011

8

- 8 -

(b)   a copy of the charging document, if any, against the
      person sought; and

(c)   such information as would justify the detention of the
      person if the offense had been committed in the
      Requested State.

4.   In addition to the requirements of paragraph 2, a request
for the extradition of a person who has been found guilty of or
sentenced for the offense for which extradition is sought shall
also be supported by:

(a)   a copy of the judgment of conviction or, if such copy
      is not available, a statement by a judicial authority
      that the person has been found guilty;

(b)   information establishing that the person sought is the
      person to whom the finding of guilt refers; and

(c)   a copy of the document setting forth the sentence
      imposed, if the person sought has been sentenced, and
      a statement establishing the extent to which the
      sentence has been carried out.

Article 9

Translation

All documents submitted by the Requesting State pursuant to
this Treaty shall be accompanied by a translation into the
language of the Requested State.

EXT - Urdaneta000012

9

- 9 -

## Article 10

### Admissibility of Documents

The documents that accompany an extradition request, including appropriate translations, shall be received and admitted as evidence in extradition proceedings if:

    (a)   the documents are certified or authenticated by the appropriate accredited diplomatic or consular officer of the Requested State in the Requesting State; or

    (b)   the documents are certified or authenticated in any other manner accepted by the laws in the Requested State.

## Article 11

### Provisional Arrest

1. In case of urgency, either of the Parties may request the provisional arrest of the person sought. A request for provisional arrest may be transmitted by any written means through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Foreign Relations, Foreign Trade, and Worship of the Argentine Republic.

2. The application for provisional arrest shall contain:

    (a)   a description of the person sought;

    (b)   the location of the person sought, if known;

    (c)   a brief statement of the facts of the case, including, if possible, the time and location of the offense;

10

- 10 -

(d)   a citation to the law or laws that set forth the offense;

(e)   a statement of the existence of a warrant of arrest, or of a finding of guilt or judgment of conviction, against the person sought;

(f)   an explanation of the reasons for the urgency of the request; and

(g)   a statement that a request for extradition of the person sought, with the appropriate supporting documentation, will be presented.

3.  The Requested State shall notify the Requesting State without delay of the disposition of an application for provisional arrest.

4.  A person who is detained pursuant to this Article may be discharged from custody upon the expiration of sixty (60) calendar days from the date of such provisional arrest if the executive authority of the Requested State has not received the request for extradition and the supporting documents required in Article 8.

5.  The fact that the person sought has been discharged from custody pursuant to paragraph 4 of this Article shall not be an obstacle to the rearrest and extradition of that person if an extradition request is received at a later date.

EXT - Urdaneta000014

11

- 11 -

## Article 12

### Decision on Extradition
### and Surrender of the Person Sought

1.   The Requested State shall promptly notify the Requesting
State of its decision on the request for extradition.

2.   If the request is denied in whole or in part, the Requested
State shall provide an explanation of the reasons for the
denial.   The Requested State shall provide copies of pertinent
judicial decisions upon request.

3.   If assurances are required pursuant to Article 6 of this
Treaty, they shall be provided prior to the surrender of the
person sought.

4.   If extradition is granted, the Parties shall agree on the
time and place for the surrender of the person sought.   If the
person sought is not removed from the territory of the Requested
State within thirty (30) calendar days from the time of the
notification described in paragraph 1 of this Article or within
the time prescribed by the law of that State, whichever is
longer, that person may be discharged from custody, and the
Requested State may refuse a subsequent extradition request from
the Requesting State for that person for the same offense.

12

- 12 -

## Article 13
### Temporary and Deferred Surrenders

1. If extradition is granted in the case of a person who is being proceeded against or is serving a sentence in the Requested State, such State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution. The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, or when his or her presence is no longer required under the laws in the Requesting State. Temporary surrender shall be effected in accordance with conditions to be determined by agreement of the Parties.

2. The Requested State may postpone the extradition proceedings against a person who is being prosecuted or who is serving a sentence in that State. The postponement may continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

3. For the purposes of this Treaty, the postponement by the Requested State of the extradition proceedings or of the surrender shall suspend the running of the statute of limitations in the judicial proceedings in the Requesting State for the offense or offenses that gave rise to the extradition request.

13

- 13 -

### Article 14

#### Concurrent Requests

If one of the Parties receives requests from the other Party and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the competent authority of the Requested State shall determine to which State it will surrender the person.  In making its decision, the Requested State shall consider all relevant factors, including but not limited to:

(a)  whether or not the requests were made pursuant to treaty;

(b)  the place where each offense was committed;

(c)  the gravity of the offenses;

(d)  the respective interests of the Requesting States;

(e)  the possibility of further extradition between the Requesting States; and

(f)  the chronological order in which the requests were received from the Requesting States.

### Article 15

#### Seizure and Surrender of Property

1.  To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense in respect of which extradition is granted.  Such items may be surrendered even when the extradition cannot be effected due to the death, disappearance, or escape of the person sought.

14

- 14 -

2.  The Requested State may condition the surrender of the
property upon satisfactory assurances from the Requesting State
that the property will be returned to the Requested State as
soon as practicable.  The Requested State may also defer the
surrender of such property if it is needed as evidence in that
State.

3.  The rights of third parties in such property shall be duly
respected.


Article 16

Rule of Speciality

1.  A person extradited under this Treaty may not be detained,
tried, or punished in the Requesting State except for:

    (a)  the offense for which extradition was granted or a
          differently denominated or less serious offense based
          on the same facts on which extradition was granted,
          provided such offense is extraditable;

    (b)  an offense committed by that person after his or her
          surrender; or

    (c)  an offense for which the competent authority of the
          Requested State consents to the person's detention,
          trial, or punishment.  For the purposes of this
          subparagraph:

        (i)  the Requested State may require the submission of
             the documents specified in Article 8; and

        (ii) the person extradited may be detained by the
             Requesting State for ninety (90) calendar days,

15

- 15 -

or for such longer period of time as the
Requested State may authorize, while the request
for consent is being processed.

2. A person extradited under this Treaty may not be extradited
to a third State for an offense committed prior to his or her
surrender unless the surrendering State consents.

3. Paragraphs 1 and 2 of this Article shall not prevent the
detention, trial, or punishment of an extradited person, or the
extradition of that person to a third State, if that person:

    (a)  leaves the territory of the Requesting State after
        extradition and voluntarily returns to it; or

    (b)  does not leave the territory of the Requesting State
        within twenty (20) calendar days of the day on which
        that person is free to leave.


## Article 17
### Waiver of Extradition

1. If the person sought consents to surrender to the Requesting
State, the Requested State may surrender the person as
expeditiously as possible without further proceedings.

2. Such consent shall be directly and expressly provided to the
appropriate judicial authority of the Requested State.

16

- 16 -

### Article 18
### Transit

1.  Either Party may authorize transportation through its territory of a person surrendered to the other Party by a third State.  In cases of scheduled transit, such authorization shall be requested by the Party to which the person is being extradited.  A request for transit may be transmitted through the diplomatic channel. Alternatively, such request may be transmitted directly between the United States Department of Justice and the Ministry of Foreign Affairs, Foreign Trade, and Worship of the Argentine Republic, or through the facilities of the International Criminal Police Organization (INTERPOL).  The request for transit shall contain a description of the person being transported and a brief statement of the facts of the case.  A person in transit may be detained in custody during the period of transit.

2.  No authorization is required if a Party is transporting a person surrendered to it by a third State using air transportation and no landing is scheduled on the territory of the other Party.  If an unscheduled landing occurs on the territory of a Party, that Party may require from the other Party the submission of a request for transit as provided in paragraph 1.  If required, any such request for transit shall be provided within ninety-six (96) hours of the unscheduled landing.  The Party in which the unscheduled landing occurred may detain the person to be transported until the transit is effected.

17

- 17 -

## Article 19

### Representation and Expenses

1. The Requested State shall advise, assist, appear in court on behalf of, and represent the interests of, the Requesting State in any proceedings related to a request for extradition. The representative appointed by the Requested State shall be legally authorized to act in those proceedings.

2. The Requesting State shall bear the expenses related to the translation of documents and the transportation to that State of the person surrendered. The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3. Neither Party shall make any pecuniary claim against the other Party related to the arrest, detention, custody, examination, or surrender of persons sought under this Treaty.

## Article 20

### Competent Authority

For the United States of America, the term "competent authority," as used in this Treaty, means the appropriate authorities of its executive branch.

18

- 18 -

### Article 21
### Consultation

The Parties may consult with each other directly in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

### Article 22
### Application

This Treaty shall apply to offenses committed before as well as after the date it enters into force.

### Article 23
### Ratification, Entry into Force, and Termination

1.  This Treaty shall be subject to ratification. The instruments of ratification shall be exchanged as soon as possible.

2.  This Treaty shall enter into force the day after the date of exchange of the instruments of ratification.

3.  Upon the entry into force of this Treaty, the Treaty on Extradition Between the United States of America and the Republic of Argentina, signed at Washington January 21, 1972, shall cease to be in force. Nevertheless, the prior Treaty

19

- 19 -

shall apply to any extradition proceedings in which the extradition documents have already been submitted to the courts of the Requested State before this Treaty enters into force. Article 17 of this Treaty, however, shall be applicable to such proceedings. Similarly, Article 16 of this Treaty shall apply to persons found extraditable under the prior Treaty.

4. Either Party may terminate this Treaty by giving written notice to the other Party through the diplomatic channel, and the termination shall be effective six months after the date of such notice.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Treaty.

DONE at Buenos Aires, in two originals, this _10th_ day of _June_ , 1997, in the English and Spanish languages, both texts being equally authentic.

FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:

FOR THE GOVERNMENT OF THE
ARGENTINE REPUBLIC:

EXT - Urdaneta000023



*Embassy of the*
*Argentine Republic*
*~Washington D.C.~*

DE 71/2020

      The Embassy of the Argentine Republic presents its compliments to the Department of State -Office of Law Enforcement and Intelligence- and pursuant to the Extradition Treaty between the Republic of Argentina and the United States of America, has the honor to request for the extradition of Mr. **RENE ALBERTO URDANETA LEON**, as set forth in the ruling that pertains to case N° 36571/2019 titled "Urdaneta León, René Alberto on Sexual Abuse – Section 119, 3rd paragraph. Victim: Romero Novoa Luisana" which is being treated at the Argentine Court with jurisdiction over Criminal and Correctional Matters N° 3 Section N° 10.

      Personal data:

Name: RENE ALBERTO
Surname: URDANETA LEON
Nationality: Venezuela
Date of Birth: June 11th, 1988
Place of Birth: Maracaibo, Venezuela
Passport from Venezuela: N° 145215750
ID from Venezuela: N° 18.286.726
ID as Resident in Argentina: N° 95.901.670

      The Embassy of the Argentine Republic avails itself the opportunity to renew to the Department of State –Office of Law Enforcement and Intelligence- the assurances of its highest consideration.

Washington, D.C., April 16th, 2021

TO THE DEPARTMENT OF STATE
OFFICE OF LAW ENFORCEMENT AND INTELLIGENCE –L-LEI-
WASHINGTON D.C.

c.c. DEPARTMENT OF JUSTICE –OIA-



U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
### EVIDENCE ACCOMPANYING REQUISITIONS IN
### THE UNITED STATES FOR EXTRADITION
### AMERICAN FOREIGN SERVICE

Buenos Aires,                                    March 15, 2022
Place and Date *(mm-dd-yyyy)*

Mark Ellis                                       Consul General
Name                                             Title

ited States of America at        Buenos Aires, Argentina

rtify that the annexed papers, being     documents in support of a request for extradition

be used upon an application for the extradition from the United States of America

URDANETA LEON

e crime of     sexual assault offenses

een committed in     Argentina

are p        lly authenticated so as to entitle them to be received in evidence for similar purposes by

the tri      of     Argentina

as requ      by T      3, United States Code, Section 3190.

In          ss         I hereunto sign my name and cause my seal of office to be affixed

thi          day of    March, 2022.

Month and Year

Signature

Mark Ellis - Consul General
Type Name and Title of Certifying Officer
of the United States of America.

DS-0036
08-2019

EXT - Urdaneta000025



**República Argentina - Poder Ejecutivo Nacional**

2021 – Año de Homenaje al Premio Nobel de Medicina Dr. César Milstein

**Apostilla de La Haya**

**Número:** CE-2021-31756466-APN-DTC#MRE

CIUDAD DE BUENOS AIRES

Martes 13 de Abril de 2021

**Referencia:** 70754/2021 | Verificar | Verify | Vérifier: www.argentina.gob.ar/legalizacion-internacional

| APOSTILLE | |
|---|---|
| (Convention de la Haye du 5 de octobre 1961) | |
| 1. País \|*Country* \|*Pays*: ARGENTINA | |
| El presente documento público \|*This public document* \|*Le présent acte public* | |
| 2. Ha sido firmado por \|*Has been signed by* \|*A été signé par*: MARCELO FABIAN SIGALOFF | |
| 3. Quien actúa en calidad de \|*Acting in the capacity of* \|*Agissant en qualité de*: FUNCIONARIO HABILITANTE | |
| 4. Y está revestido del sello/timbre de \|*Bears the seal/stamp of* \|*Est revêtu du sceau/timbre de*: COLEGIO DE TRADUCTORES PUBLICOS | |
| Certificado \|*Certified* \|*Attesté* | |
| 5. En \|*At* \|*À*: BUENOS AIRES | 6. El día \|*The* \|*Le*: 13/04/2021 |
| 7. Por \|*By* \|*Par*: Unidad de Coordinación de Legalizaciones del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto | |
| 8. Bajo el Número \|*N°* \|*Sous N°*: 70754/2021 | 9. Sello/Timbre \|*Seal/Stamp* \|*Sceau/Timbre*: ARS 0 .– |
| 10. Firma \|*Signature* \|*Signature*: Gastón Ezequiel Aiello | |

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido. Esta Apostilla no certifica el contenido del documento para el cual se expidió. No es válido el uso de esta Apostilla en la República Argentina.

This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. This Apostille is not valid for use anywhere within República Argentina.

Cette apostille atteste la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont cet acte public est revêtu. Cette apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise. L'utilisation de cette Apostille n'est pas valable en/au Argentina.

**Tipo de documento apostillado** \|*Type of document* \|*Type de document*: TRADUCCION PUBLICA

**Titular** \|*Holder* \|*Titulaire*: LEÓN RENÉ ALBERTO URDANETA

**Observaciones** \|*Observations* \| *Observations*:

Gaston Ezequiel Aiello
Asesor Técnico
Dirección Tecnica Consular
Ministerio de Relaciones Exteriores, Comercio Internacional y Culto

EXT - Urdaneta000026



**República Argentina - Poder Ejecutivo Nacional**

2021 - Año de Homenaje al Premio Nobel de Medicina Dr. César Milstein

**Apostilla de La Haya**

**Número:** CE-2021-31756498-APN-DTC#MRE

CIUDAD DE BUENOS AIRES

Martes 13 de Abril de 2021

**Referencia:** 70752/2021 | Verificar | Verify | Vérifier: www.argentina.gob.ar/legalizacion-internacional

| APOSTILLE | |
|---|---|
| **(Convention de la Haye du 5 de octobre 1961)** | |
| 1. País \|*Country* \|*Pays*: ARGENTINA | |
| El presente documento público \|*This public document* \|*Le présent acte public* | |
| 2. Ha sido firmado por \|*Has been signed by* \|*A été signé par*: JUAN ESTEBAN CICCIARO | |
| 3. Quien actúa en calidad de \|*Acting in the capacity of* \|*Agissant en qualité de*: FUNCIONARIO HABILITANTE | |
| 4. Y está revestido del sello/timbre de \|*Bears the seal/stamp of* \|*Est revêtu du sceau/timbre de*: MINISTERIO DE JUSTICIA Y DERECHOS HUMANOS | |
| **Certificado** \|*Certified* \| *Attesté* | |
| 5. En \|*At* \|*À*: BUENOS AIRES | 6. El día \|*The* \|*Le*: 13/04/2021 |
| 7. Por \|*By* \|*Par*: Unidad de Coordinación de Legalizaciones del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto | |
| 8. Bajo el Número \|*N°* \|*Sous N°*: 70752/2021 | 9. Sello/Timbre \|*Seal/Stamp* \|*Sceau/Timbre*: ARS 0 .- |
| 10. Firma \|*Signature* \|*Signature*: Gastón Ezequiel Aiello | |

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido. Esta Apostilla no certifica el contenido del documento para el cual se expidió. No es válido el uso de esta Apostilla en la República Argentina.
This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. This Apostille is not valid for use anywhere within República Argentina.
Cette apostille atteste uniquement la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont cet acte public est revêtu. Cette apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise. L'utilisation de cette Apostille n'est pas valable en/au Argentina.

**Tipo de documento apostillado** \|*Type of document* \|*Type de document*: CERTIFICACION JUDICIAL - CON FIRMA DIGITAL
**Titular** \|*Holder* \|*Titulaire*: URDANETA LEÓN RENÉ ALBERTO
**Observaciones** \|*Observations* \| *Observations*:

Gaston Ezequiel Aiello
Asesor Técnico
Dirección Tecnica Consular
Ministerio de Relaciones Exteriores, Comercio Internacional y Culto

EXT - Urdaneta000027



**República Argentina - Poder Ejecutivo Nacional**

2021 - Año de Homenaje al Premio Nobel de Medicina Dr. César Milstein

**Apostilla de La Haya**

**Número:** CE-2021-31756530-APN-DTC#MRE

CIUDAD DE BUENOS AIRES

Martes 13 de Abril de 2021

**Referencia:** 70730/2021 | Verificar | Verify | Vérifier: www.argentina.gob.ar/legalizacion-internacional

| APOSTILLE | |
|---|---|
| (Convention de la Haye du 5 octobre 1961) | |
| 1. País \|*Country* \|*Pays*: ARGENTINA | |
| El presente documento público \|*This public document* \|*Le présent acte public* | |
| 2. Ha sido firmado por \|*Has been signed by* \|*A été signé par*: MARCELO FABIAN SIGALOFF | |
| 3. Quien actúa en calidad de \|*Acting in the capacity of* \|*Agissant en qualité de*: FUNCIONARIO HABILITANTE | |
| 4. Y está revestido del sello/timbre de \|*Bears the seal/stamp of* \|*Est revêtu du sceau/timbre de*: COLEGIO DE TRADUCTORES PUBLICOS | |
| Certificado \|*Certified* \| *Attesté* | |
| 5. En \|*At* \|*À*: BUENOS AIRES | 6. El día \|*The* \|*Le*: 13/04/2021 |
| 7. Por \|*By* \|*Par*: Unidad de Coordinación de Legalizaciones del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto | |
| 8. Bajo el Número \|*N°* \|*Sous N°*: 70730/2021 | 9. Sello/Timbre \|*Seal/Stamp* \|*Sceau/Timbre*: ARS 0 .- |
| 10. Firma \|*Signature* \|*Signature*: Gastón Ezequiel Aiello | |

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido. Esta Apostilla no certifica el contenido del documento para el cual se expidió. No es válido el uso de esta Apostilla en la República Argentina.

This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. This Apostille is not valid for use anywhere within República Argentina.

Cette apostille atteste uniquement la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont cet acte public est revêtu. Cette apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise. L'utilisation de cette Apostille n'est pas valable en/au Argentina.

**Tipo de documento apostillado** \|*Type of document* \|*Type de document*: TRADUCCION PUBLICA
**Titular** \|*Holder* \|*Titulaire*: LEÓN RENÉ ALBERTO URDANETA
**Observaciones** \|*Observations* \| *Observations*:

Gaston Ezequiel Aiello
Asesor Técnico
Dirección Tecnica Consular
Ministerio de Relaciones Exteriores, Comercio Internacional y Culto

EXT - Urdaneta000028



**República Argentina - Poder Ejecutivo Nacional**

2021 – Año de Homenaje al Premio Nobel de Medicina Dr. César Milstein

**Apostilla de La Haya**

**Número:** CE-2021-31756596-APN-DTC#MRE

CIUDAD DE BUENOS AIRES

Martes 13 de Abril de 2021

**Referencia:** 70726/2021 | Verificar | Verify | Vérifier: www.argentina.gob.ar/legalizacion-internacional

| APOSTILLE | |
|---|---|
| **(Convention de la Haye du 5 de octobre 1961)** | |
| 1. País \|*Country* \|*Pays*: ARGENTINA | |
| El presente documento público \|*This public document* \|*Le présent acte public* | |
| 2. Ha sido firmado por \|*Has been signed by* \|*A été signé par*: MARCELO FABIAN SIGALOFF | |
| 3. Quien actúa en calidad de \|*Acting in the capacity of* \|*Agissant en qualité de*: FUNCIONARIO HABILITANTE | |
| 4. Y está revestido del sello/timbre de \|*Bears the seal/stamp of* \|*Est revêtu du sceau/timbre de*: COLEGIO DE TRADUCTORES PUBLICOS | |
| **Certificado** \|*Certified* \| *Attesté* | |
| 5. En \|*At* \|*À*: BUENOS AIRES | 6. El día \|*The* \|*Le*: 13/04/2021 |
| 7. Por \|*By* \|*Par*: Unidad de Coordinación de Legalizaciones del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto | |
| 8. Bajo el Número \|*N° Sous N°*: 70726/2021 | 9. Sello/Timbre \|*Seal/Stamp* \|*Sceau/Timbre*: ARS 0 .- |
| 10. Firma \|*Signature* \|*Signature*: Gastón Ezequiel Aiello | |

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido. Esta Apostilla no certifica el contenido del documento para el cual se expidió. No es válido el uso de esta Apostilla en la República Argentina.
This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. This Apostille is not valid for use anywhere within República Argentina.
Cette apostille atteste uniquement la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont cet acte public est revêtu. Cette apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise. L'utilisation de cette Apostille n'est pas valable en/au Argentina.

**Tipo de documento apostillado** \|*Type of document* \|*Type de document*: TRADUCCION PUBLICA
**Titular** \|*Holder* \|*Titulaire*: LEÓN RENÉ ALBERTO URDANETA
**Observaciones** \|*Observations* \| *Observations*:

Gaston Ezequiel Aiello
Asesor Técnico
Dirección Tecnica Consular
Ministerio de Relaciones Exteriores, Comercio Internacional y Culto

EXT - Urdaneta000029



**República Argentina - Poder Ejecutivo Nacional**

2021 - Año de Homenaje al Premio Nobel de Medicina Dr. César Milstein

**Apostilla de La Haya**

**Número:** CE-2021-31909743-APN-DTC#MRE

CIUDAD DE BUENOS AIRES

Martes 13 de Abril de 2021

**Referencia:** 70728/2021 | Verificar | Verify | Vérifier: www.argentina.gob.ar/legalizacion-internacional

| APOSTILLE | |
|---|---|
| (Convention de la Haye du 5 octobre 1961) | |
| 1. País \|Country \|Pays: ARGENTINA | |
| El presente documento público \|This public document \|Le présent acte public | |
| 2. Ha sido firmado por \|Has been signed by \|A été signé par: ALBERTO SEIJAS | |
| 3. Quien actúa en calidad de \|Acting in the capacity of \|Agissant en qualité de: FUNCIONARIO HABILITANTE | |
| 4. Y está revestido del sello/timbre de \|Bears the seal/stamp of \|Est revêtu du sceau/timbre de: PODER JUDICIAL DE LA NACION | |
| Certificado \|Certified \|Attesté | |
| 5. En \|At \|À: BUENOS AIRES | 6. El día \|The \|Le: 13/04/2021 |
| 7. Por \|By \|Par: Unidad de Coordinación de Legalizaciones del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto | |
| 8. Bajo el Número \|N° \|Sous N°: 70728/2021 | 9. Sello/Timbre \|Seal/Stamp \|Sceau/Timbre: ARS 0 .- |
| 10. Firma \|Signature \|Signature: Gastón Ezequiel Aiello | |

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido.
Esta Apostilla no certifica el contenido del documento para el cual se expidió. No es válido el uso de esta Apostilla en la República Argentina.
This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears.This Apostille does not certify the content of the document for which it was issued. This Apostille is not valid for use anywhere within República Argentina.
Cette apostille atteste uniquement la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont cet acte public est revêtu. Cette apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise. L'utilisation de cette Apostille n'est pas valable en/au Argentina.

**Tipo de documento apostillado** \|Type of document \|Type de document: CERTIFICACION JUDICIAL - CON FIRMA DIGITAL
**Titular** \|Holder \|Titulaire: LEÓN RENÉ ALBERTO URDANETA
**Observaciones** \|Observations \|Observations:

Gaston Ezequiel Aiello
Asesor Técnico
Dirección Tecnica Consular
Ministerio de Relaciones Exteriores, Comercio Internacional y Culto

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

///Nos Aires, 9 de abril de 2021.-

I) Por recibidos en formato papel los documentos debidamente traducidos -y legalizados- por parte de la *perito traductora en idioma inglés, Rocío Soledad Chakarian,* procédase a su escaneo, para su incorporación a la causa y conforme lo ordenado el pasado día 25, remítanse los mismos a conocimiento de la **Dirección de Asistencia Jurídica Internacional del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto,** en miras a que se le dé la tramitación diplomática. Líbrese mail, con copia de la presente providencia, a efectos de que se informe si el mismo debe ser enviado "en papel" o bien por correo electrónico y determinado dicho extremo, cúmplase conforme las directivas.-

Póngase en conocimiento de la **División Investigación Federal de Fugitivos y Extradiciones del Departamento Interpol de la Policía Federal Argentina.-**

II) Habida cuenta la solicitud de regulación de honorarios efectuada por la citada profesional, fórmese incidente a su favor, que deberá estar encabezado por la presentación efectuada por ella y un juego de copias de los documentos traducidos, junto con el resto de las constancias aportadas.- **P.R.S.**

WALTER JOSÉ CANDELA
JUEZ

Ante mí:

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

En la fecha se cumplió. CONSTE.-

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

EXT - Urdaneta000031

 **REPUBLICA**  **ARGENTINA**

PODER JUDICIAL DE LA NACION

Camara Nacional de Apelaciones en lo Criminal y Correccional

**LEGAJO DE IDENTIDAD PERSONAL**

EXPTE Nº 23/DNIE/9590167

**DATOS PERSONALES**

Apellido y Nombre:
URDANETA LEON  RENE ALBERTO

Alias Registrados:

No hay ningún alias registrado

Sexo:

| | |
|---|---|
| Nacionalidad: | VENEZUELA |
| Documento: | DNIE 95901670 |
| Lugar de Nacimiento: | maracaibo, venezuela |
| Estado Civil: | |
| Cónyuge: | |
| Padre: | |
| Madre: | |
| Profesión u Oficio: | |
| Pront. Pol. Nº: | |
| Domicilio Real: | |
| Domicilio Constituido: | |

**EXPEDIENTES RELACIONADOS**

CCC 36571/2019/1
CCC 36571/2019



EXT - Urdaneta000032

Formulario de ficha dactiloscópica

Registro Nacional de Reincidencia

O4115496

Lugar y Fecha: Buenos Aires, martes 18 de junio de 2019

Nombre y Apellido: RENE ALBERTO  URDANETA LEON

Fecha de nacimiento: 11/06/1988

Nacionalidad: Venezolana                                  Documento: D.N.I. 95901670

Nombre del Padre: RAIMUNDO RENE

Nombre y Apellido de la  Madre: EYILDE   LEON

Nombres supuestos:



| PULGAR | INDICE | MEDIO | ANULAR | MEÑIQUE |
|--------|--------|-------|--------|---------|

REPUBLICA ARGENTINA
REGISTRO NACIONAL DE REINCIDENCIA
LEY 22117
SISTEMA DACTILOSCOPICO ARGENTINO
FICHA INDIVIDUAL

Firma del Identificado                                   Firma del Identificador

# Formulario de ficha dactiloscópica

Registro Nacional de Reincidencia

O4115496

EXT - Urdaneta000033

Lugar y Fecha: Buenos Aires, martes 18 de junio de 2019

Nombre y Apellido: RENE ALBERTO  URDANETA LEON

Fecha de nacimiento: 11/06/1988

Nacionalidad: Venezolana                              Documento: D.N.I. 95901670

Nombre del Padre: RAIMUNDO RENE

Nombre y Apellido de la  Madre: EYILDE   LEON

Nombres supuestos:



REPUBLICA ARGENTINA
REGISTRO NACIONAL DE REINCIDENCIA
LEY 22.117
SISTEMA DACTILOSCOPICO ARGENTINO
FICHA INDIVIDUAL

| PULGAR | INDICE | MEDIO | ANULAR | MEÑIQUE |

| PULGAR | INDICE | MEDIO | ANULAR | MEÑIQUE |

Firma del Identificado

Firma del Identificador

2

EXT - Urdaneta000034

Lugar y Fecha: Buenos Aires, martes 18 de junio de 2019

Nombre y Apellido: RENE ALBERTO URDANETA LEON

Fecha de nacimiento: 11/06/1988

Nacionalidad: Venezolana          Documento: D.N.I. 95901670

Nombre del Padre: RAIMUNDO RENE

Nombre y Apellido de la Madre: EYILDE LEON

Nombres supuestos:



REPUBLICA ARGENTINA
REGISTRO NACIONAL DE REINCIDENCIA
LEY 22.117
SISTEMA DACTILOSCOPICO ARGENTINO
FICHA INDIVIDUAL

PULGAR    INDICE    MEDIO    ANULAR    MEÑIQUE

PULGAR    INDICE    MEDIO    ANULAR    MEÑIQUE

Firma del Identificado                    Firma del Identificador

3

EXT - Urdaneta000035

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

Buenos Aires, 18 de junio de 2019.-

Al Señor Director del Registro Nacional de Reincidencia
S/D.-

1 8 JUN. 2019

**P.O.S.S.,** Dra. Alejandra M. Alliaud, Juez Nacional, interinamente a cargo del Juzgado Nacional en lo Criminal y Correccional nro. 3 (sito en la *calle Talcahuano 550 piso 5° of. 5079 C.A.B.A. tel. 4372-4679),* me dirijo a Ud. en relación a la **causa nro. 36.571/2019** caratulada **"Urdaneta Rene s/ abuso sexual..."** que tramita por ante la Secretaría nro. 110 interinamente a mi cargo, a fin de solicitarle se proceda a la extracción de triple juego de fichas dactiloscópicas al imputado en el sumario en que me dirijo *–RENE ALBERTO URDANETA LEON, titular del D.N.I. nro. 95.901.670 y portadora del presente-,* tras lo cual deberá elevarse a esta sede, dentro del término de 48 hs., el informe respecto de los antecedentes penales que pudiera registrar.-

Saludo a Ud. muy atentamente.-

CONSTANZA MACRI
SECRETARIA AD HOC

P RAIMUNDO RENE
M LEON, EYILDE

S

EXT - Urdaneta000036




## RNR
**Registro Nacional
de Reincidencia**

Código: O4115496




Ministerio de Justicia y Derechos Humanos
**Presidencia de la Nación**

Buenos Aires, miércoles, 19 de junio de 2019



DATOS PROPORCIONADOS POR EL RENAPER

Impresiones
del oficio[1]

RENAPER[2]

1 Impresiones aportadas por el solicitante
2 Impresiones dactilares y fotografía del RENAPER conforme al DNI informado en la solicitud

Sr. Juez

Me dirijo a Ud. en respuesta a su pedido de informes Abuso sexual de la causa Nº 36571/2019 en trámite ante el/la JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL Nº 3.

En tal sentido se comunica que el Sr/Sra RENE ALBERTO URDANETA LEON cuya ficha de condiciones personales e impresiones digitales se acompañaron, no registra antecedentes a informar en esta repartición.

Se remite en devolución el Pedido de Informes sobre Condenas y Procesos Pendientes y las fichas dactiloscópicas que han sido registrados en formato digital.

Saludo a Ud. Atte.

GRACIELA PAWLUSKOVICZ
REGISTRO NACIONAL DE REINCIDENCIA

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL Nº 3-SEC. Nº 110
TELF: 4371-5363 - FAX:
TALCAHUANO Nº 550 3° PISO - Cap. Federal - C.P: 1013

EXT - Urdaneta000037

RECIBIDO EN SECRETARÍA HOY...........21/6..............

DE..2019....SIENDO LAS.....10:18....HORAS. CONSTE.-

CONSTANZA MACRI
SECRETARIA AD HOC

EXT - Urdaneta000038

REPUBLICA ARGENTINA
MINISTERIO DEL INTERIOR
POLICIA FEDERAL ARGENTINA
DIVISION SEGURIDAD PODER JUDICIAL DE LA NACION



# INFORMACION

## Sobre los antecedentes, conducta y concepto

### (Artículos 26 y 41 del Código Penal)

## DE: URDANETA LEON , RENE ALBERTO. -
## CAUSA NRO.: 36.571/2019.-

Queda agregado a sus antecedentes CONSTE

Inspector Marcelo HERRERA
División Seguridad Poder Judicial de la Nación

.........................................
**Secretario**

Subcomisario Flavia Lorena GAUNA
2do Jefe División Seguridad Poder Judicial de la Nación

.........................................
**Funcionario Instructor**

Esta información tiene por objeto dejar claramente establecida la conducta del procesado, sus antecedentes los Artículos judiciales, moralidad, hábitos y demás circunstancias, a los efectos de la condenación condicional  y para determinar su culpabilidad en las penas divisibles, de conformidad con 26 y 41 del Código Penal.

EXT - Urdaneta000039

DATOS PERSONALES

Nombre y Apellido: RENE ALBERTO , URDANTE LEON .-

Otros nombres o apodos: NO.-

Edad: ... años

Estado o PETRONOMICO .-

Sexo: MASCULINO .-

Fecha de Nacimiento: 11-03-1953 .-

Lugar de nacimiento ......-     Ciudad o pueblo:----

Nacionalidad: VENEZUELA .-

Documento Nacional de Identidad: 95.901.670.-

Cédula de identidad: NO POSEE .-

Domicilio que figura anotado en el DNI: AV SANTA FE 2190 CABA.-

Domicilio Actual   IDEM DOMICILIO ANTERIOR .-

Lee y escribe: SI

Estudios: ....

Donde trabaja: ....

Desde cuando trabaja: DESDE .....-

¿............................................? Sí necesidades y las de su pagar: Sí.-

Tiene Obra a cargo: ... NIÑOS.-

Quien lo ayuda económicamente: NADIE .-

EXT - Urdaneta000040

*"2019 - Año de la Exportación"*

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/19
y.k.p

Buenos Aires, 24 de junio de 2019.-

Señor Juez:



Tengo el agrado de dirigirme a Usted, con relación a oficio en **Causa Nro. 36.571/2019.** Respecto de **URDANETA LEON, RENE ALBERTO** quien se encuentra identificado con legajo serie **AGE Nro. 250744.**

Adjunto al presente remito el cuadernillo de Información, conteniendo los recaudos exigidos en los Artículos 26 y 41 del C.P. correspondiente al encartado por haber sido solicitado oportunamente por S.Sa., que consta de 4 fojas útiles.-

Sin otro particular saludo a Ustedes, muy atte.-

P.F.A.

Subcomisaria Flavia Lorena GAUNA
2do Jefe División Seguridad PODER JUDICIAL DE LA NACIÓN

#- Juzgado Nacional en lo Criminal y Correccional Nro 3.
  Secretaría Nro. 110 a cargo de la Dra. Constanza MACRI.-
S/-----------------------------------------/----------------------------------------D.-

EXT - Urdaneta000041

RECIBIDO EN SECRETARIA HOY

DE 2019 SIENDO LAS 8:25 HORAS. CONSTE.

CONSTANZA MACRI
SECRETARIA AD HOC

EXT - Urdaneta000042

**Poder Judicial de la Nación**

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
23/DNIE/95901670

///Nos Aires, 5 de septiembre de 2019.-

Tiénese por formado el legajo de identidad personal correspondiente a *RENÉ ALBERTO URDANETA LEÓN* y cúmplase con lo dispuesto en el **artículo 102 del R.J.C.C.- P.R.S.**

SILVIA NORA RAMOND
JUEZ

Ante mí:

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

*CERTIFICO:* en cuanto ha lugar por derecho que, conforme los informes de **fs. 6 y 9, el imputado NO registra** antecedentes penales. Es todo cuanto certifico.-

Secretaría nro. 110, 5 de septiembre de 2019.-

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

En la fecha se cumplió. CONSTE.-

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

EXT - Urdaneta 000043

 

**Poder Judicial de la Nación**

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

Buenos Aires, 25 de marzo de 2021.-

Al Señor Canciller del Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto
Felipe Solá
-Dirección de Asistencia Jurídica Internacional-
S/D.-

                Tengo el honor de dirigirme al Señor Canciller,
en relación a la **causa N° 36.571/2.019** caratulada ***"Urdaneta León
René Alberto s/ abuso sexual- art. 119 3° párrafo. Damnificado:
Romero Novoa Luisana…"***, que tramita por ante este Juzgado
Nacional en lo Criminal y Correccional nro. 3, interinamente a mi
cargo, Secretaría nro. 110, de la Dra. María Cecilia Perzan, a fin de
solicitarle se arbitren los medios necesarios para darle trámite
diplomático al exhorto que se adjunta, dirigido a la Autoridad Judicial
**-SEÑOR JUEZ PENAL** que corresponda por turno y/o jurisdicción y
competencia de la Localidad de Los Fresnos, Texas, del país de
Estados Unidos de Norteamérica-.-

                El presente se libra en relación al trámite ya
existente en ese organismo y en virtud del pedido de colaboración
cursado por estos estrados, registrado como **NO-2021-22155783-
APN-DAJI MRE CARPE DAJIM 364/20021.-**

                Saludo al Señor Canciller muy atentamente.-



WALTER JOSÉ CANDELA
JUEZ

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

Signature valid
Digitally signed by MARIA CECILIA
PERZAN
Date: 2021.03.29 08:25:38 ART

EXT - Urdaneta000044

1

--------------------------------TRADUCCIÓN PÚBLICA – CERTIFIED TRANSLATION --------------------------------

[In the left top margin there appears a red seal that reads:] DETAINED--------------------------------------

[There appears a badge under which it reads:] Argentine Judicial Branch – Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3 – Case 36571/2019 --------------------------------------

Buenos Aires, March 25th, 2021.- --------------------------------------------------------------------------------

[There appears a seal that reads:] Argentine Judicial Branch – Argentine Court with Jurisdiction in Criminal and Correctional Matters N°3--------------------------------------------------------------------------------

**To Mr. Felipe Solá, Ambassador at the Argentine Department of Foreign Affairs, International Commerce and Cult**--------------------------------------------------------------------------------------

**- Department of International Legal Assistance –** --------------------------------------------------------

I am honored to write to Mr. Ambassador, in relation with the **case N° 36571/2019** titled **"Urdaneta León René Alberto on Sexual Abuse – section 119, 3rd paragraph. Victim: Romero Novoa Luisana...",** which is being treated at the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3 under my charge (Clerk's Office N° 110 of María Cecilia Perzan, attorney at law) as to request you to manage all the necessary means to make the attached judge's international petition arrive to the Judicial Authority **(MR. JUDGE WITH JURISDICTION OVER CRIMINAL MATTERS)** on duty, or which corresponds, with jurisdiction in Los Fresnos, Texas, United States of America.- -------------------------------------------------------

This request is hereby issued in relation to the existing case treated at the court mentioned hereinbefore and by virtue of the petition of legal assistance saved at the same court under the name **NO-2021-22155783-APN-DAJI MRE CARPE DAJIM 364/20021.-** --------------------------------------------------------

Yours Sincerely, ----------------------------------------------------------------------------------------------------

[There appears an illegible signature under which it reads:] WALTER JOSÉ CANDELA, JUDGE-----------------

[There appears an illegible signature under which it reads:] MARÍA CECILIA PERZAN, COURT'S CLERK -----

Valid Signature-------------------------------------------------------------------------------------------------------

Digitally signed by MARIA CECILIA PERZAN -------------------------------------------------------------------------

Date: 03/25/2021 08:25:38 ART--------------------------------------------------------------------------------------

[There appears a bar code under which it reads:] #33652808#283441111#20210323191750655 -----------

The foregoing is a true and accurate translation into English of the original document in Spanish that I have had before me and I attach hereto. In Buenos Aires, on April 8th, 2021. ------------------------------------

La que antecede es traducción fiel al idioma inglés del documento original en idioma español que he tenido a la vista y al cual me remito. En Buenos Aires, a los 8 días del mes de abril de 2021. -----------------

[seal:] COLEGIO DE TRADUCTORES PUBLICOS DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización
N° 17970/21
JACOBO A.MORGUNOVSKY MICHELL

*Rocio S. Chakarian*
Traductora Pública - Inglés
Mat. T₀ XX F₀ 357 Cap. Fed.
Inscrip. C.T.P.C.B.A. N.° 7970

EXT - Urdaneta000045



# COLEGIO DE TRADUCTORES PÚBLICOS
## DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes al/a la Traductor/a Público/a   CHAKARIAN, ROCÍO SOLEDAD

que obran en los registros de esta institución, en el folio       del Tomo       en el idioma

357                   20                   INGLÉS

Legalización número:   **17970**

Buenos Aires,   08/04/2021



MARCELO F. SIGALOFF
Gerente Dpto. de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:   48213517970

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

EXT3 Urdaneta000046

07494

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

EXT - Urdaneta000047



*Poder Judicial de la Nación*

*Cámara Nacional de Apelaciones en lo Criminal y Correccional*

CERTIFICO: que el doctor **Walter José Candela,** es Juez a cargo del Juzgado Nacional en lo Criminal y Correccional N° 3. Expido el presente a los veintiséis días del mes de marzo del año dos mil veintiuno.----------

Firmado digitalmente por: SEIJAS Alberto

**Presidente**

----------------------------TRADUCCIÓN PÚBLICA – CERTIFIED TRANSLATION----------------------------

[There appears a badge under which it reads:] **Argentine Judicial Branch – Chamber of Appeals with Jurisdiction over Criminal and Correctional Matters** --------------------------------------------------

I HEREBY CERTIFY: That **Walter José Candela**, attorney at law, is the Judge in charge of the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3. I hereby issue this certificate on March 26th, 2021. --------------------------------------------------------------------------------------------------

Digitally signed by: SEIJAS Alberto, **President** ----------------------------------------------------------------

The foregoing is a true and accurate translation into English of the original document in Spanish that I have had before me and I attach hereto. In Buenos Aires, on April 8th, 2021. ----------------------------------

La que antecede es traducción fiel al idioma inglés del documento original en idioma español que he tenido a la vista y al cual me remito. En Buenos Aires, a los 8 días del mes de abril 2021. ----------------

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la legalización

N° 178684  9

JACOBO A. MORGUNOVSKY MICHELL

*Rocío S. Chakarian*
Traductora Pública - Inglés
Mat. Ta. XX Fo. 357 Cap. Fed.
Inscrip. C.T.P.C.B.A. N.° 7970

EXT - Urdaneta000049



## COLEGIO DE TRADUCTORES PÚBLICOS
## DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,

en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/a la Traductor/a Público/a     CHAKARIAN, ROCÍO SOLEDAD

que obran en los registros de esta institución, en el folio          del Tomo          en el idioma

357                              20                    INGLÉS

Legalización número:   **17969**

Buenos Aires,     08/04/2021

MARCELO F. SIGALOFF
Gerente Dpto. de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:   48213217969

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

07493

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

DETENIDO

EXT - Urdaneta000051

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

Buenos Aires, 25 de marzo de 2021.-

Al Señor Presidente de la Excma. Cámara Nacional de Apelaciones en lo Criminal y Correccional de la Capital Federal Dr. Alberto Seijas

S/D.-

Tengo el honor de dirigirme a V.E, en relación a la causa N° 36.571/2.019 caratulada *"Urdaneta León René Alberto s/ abuso sexual- art. 119 3° párrafo. Damnificado: Romero Novoa Luisana..."* de trámite por ante el Juzgado Nacional en lo Criminal y Correccional nro. 3, interinamente a mi cargo, Secretaría nro. 110 de la Dra. María Cecilia Perzan, a fin de solicitarle se sirva certificar la firma del suscripto en el exhorto que se adjunta al presente, dirigido a la Autoridad Judicial -**SEÑOR JUEZ PENAL** que corresponda por turno y/o jurisdicción y competencia de la Localidad de Los Fresnos, Texas, del país de Estados Unidos de Norteamérica-.-

Saludo a V.E. muy atentamente.-

WALTER JOSÉ CANDELA

JUEZ

MARIA CECILIA PERZAN
SECRETARIO DE JUZGADO



EXT - Urdaneta000052

MARÍA GECILIA BERZÁN
SECRETARIA

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

**WALTER JOSÉ CANDELA,** Juez interinamente a cargo del Juzgado Nacional en lo Criminal y Correccional nro. 3 (Talcahuano 550, 5to piso, oficina nro. 4079, Ciudad Autónoma de Buenos Aires, República Argentina. TEL/FAX: [0054]- 011-4372-4679).-

**SEÑOR JUEZ PENAL** que corresponda por turno y/o jurisdicción y competencia de la Localidad de Los Fresnos, Texas, del país de Estados Unidos de Norteamérica.-

**SALUDA, EXHORTA Y HACE SABER:**

Que en la **causa N° 36.571/2.019** caratulada *"Urdaneta León René Alberto s/ abuso sexual- art. 119 3° párrafo. Damnificado: Romero Novoa Luisana…"* que tramita por ante este Juzgado Nacional en lo Criminal y Correccional nro. 3, interinamente a mi cargo, Secretaría nro. 110, se ha dispuesto librar el presente, rogando y exhortando su cumplimiento y ofreciendo reciprocidad en casos análogos, a fin de que conforme las previsiones del Tratado de Extradición suscripto con los Estados Unidos de Norteamérica -el 10 de junio de 1997 y aprobado por la **Ley argentina N° 25.126-**, Su Señoría se sirva disponer lo necesario para que, por su intermedio, se proceda a la extradición a la Ciudad Autónoma de Buenos Aires, Capital de la República Argentina, del ciudadano *RENÉ ALBERTO URDANETA LEÓN –titular del D.N.I. argentino para extranjeros N° 95.901.670, titular de la C.I. venezolana N° 18.286.726 y del pasaporte venezolano N° 145215750, de nacionalidad venezolana, nacido el 11 de junio de 1988 en la Ciudad de Maracaibo, República Bolivariana de Venezuela, hijo de Raimundo Urdaneta y de Eyilde Leon-,* quien se encuentra actualmente detenido en ese país, debido a su situación migratoria irregular, en miras a sujetarlo al proceso penal.-

Al efecto, se hace saber al magistrado exhortado que la **declaración indagatoria** de *URDANETA LEÓN,* en los términos del **artículo 294 del Código Procesal Penal de la Nación** se ordenó el día *11 de junio de 2019* y se materializó el *día 18, de dicho mes y año,*



#33652808#283441111#20210323191750655

y que ha sido **procesado,** en fecha *1 de julio de 2019*, en orden al hecho que perjudicara a **Luisana Romero Novoa,** acaecido el *día 23 de mayo de 2019, siendo aproximadamente las 4:00 hs.,* en el interior del domicilio que la víctima compartía junto a su amiga, *Claudia Virginia Méndez Pabón,* sito en la *calle Acevedo 421 piso 7° "D", de esta Ciudad,* oportunidad en que abusara sexualmente de ella. Así, según lo declarado por la damnificada, luego de haberse encontrado con el imputado y su primo, en un bar, con motivo del cumpleaños de la sindicada *Méndez Pabón,* de quien el acusado era amigo, de su país natal, se dirigieron los cuatro a la vivienda en cuestión. En tal contexto y en oportunidad en que *Romero Novoa* se encontraba en su cuarto, hizo su aparición de forma abrupta el justiciable, quien sin mediar palabra alguna, la empujó contra un ropero, allí ubicado y de seguido, pretendió besarla, al mismo tiempo en que la sometió a tocamientos de índole sexual en todo su cuerpo, en una primera instancia, por encima de la ropa que vestía, hasta que, en determinado momento, introdujo sus manos por adentro del pantalón que ella tenía colocado, el que desabrochó, para luego introducir sus dedos en la cavidad vaginal de la víctima, penetrándola con los mismos. Que, a tal accionar se opuso la damnificada, tanto verbalmente, como físicamente, manifestándole que cesara en su actitud, dejando en claro que ella no consentía el contacto sexual y además, intentó empujarlo, no logrando hacerlo cesar en su comportamiento abusivo hasta que, en determinado momento, el incriminado se detuvo, explicándole que no paraba porque pensaba *"que le estaba gustando".* Luego, a instancias de **Romero Novoa,** el acusado se retiró del domicilio en cuestión, junto a su primo.-

Que el accionar reprochado a **URDANETA LEÓN,** por el cual fuera procesado, en calidad de **autor,** resulta subsumible jurídicamente en el delito de **abuso sexual, con acceso carnal (artículos 45 y 119, tercer párrafo, del Código Penal, según la reforma de la Ley 27.352 y artículos 306, 308, 310 y cc. del Código Procesal Penal)** y que dicho temperamento fue confirmado por el





Poder Judicial de la Nación

MARIA CECILIA BELZAN
SECRETARIA

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

Superior de grado -integrantes de la **Sala VII de la Excma. Cámara en lo Criminal y Correccional de esta Ciudad-** en fecha *12 de agosto de 2019.-*

Que, tras ello, fue requerida la elevación a juicio del sumario, por parte de la querella, representada en el legajo por el *Dr. Carlos E. Calvo* —en nombre de la víctima, *Luisana Romero Novoa*- y por parte de la *Señora Auxiliar Fiscal, Dra. Estela Verdiglione* (conforme **artículos 346 y 347 del Código Procesal Penal** en fechas *26 de agosto de 2019 y 5 de septiembre de 2019*) y la defensa del justiciable, ejercida por el Señor Defensor de la **Defensoría Pública Oficial nro 23,** no planteó oposición, ni dedujo excepciones, optando por la intervención de un tribunal colegiado, mediante presentación de fecha *10 de septiembre de 2019* **(artículo 349 del Código Procesal Penal). -**

A su vez, que el *26 de agosto de 2019*, a pedido de la parte querellante, se ordenó el **impedimento de salida del país** del justiciable, considerándose en la oportunidad que se estaba ante una medida cautelar que se presentaba razonable, idónea y proporcional, atendiendo a la gravedad del episodio por el cual aquel fuera procesado y, fundamentalmente, el estado de la pesquisa para ese entonces, que imponía extremar el peligro de elusión, en miras a asegurar la comparecencia y el desarrollo del juicio **(artículo 280 del Código Procesal Penal).** Que, tal como fuera plasmado en el decisorio dictado por este Tribunal, el *26 de septiembre de 2019*, el incriminado fue citado a presentarse, con la finalidad de llevar a cabo una entrevista social y ser intimado, conforme el respectivo mandamiento de embargo y a su vez, en miras a la concreción del informe previsto en el **artículo 78 del Código Procesal Penal,** a lo cual no pudo darse cumplimiento, puesto que se determinó que *URDANETA LEÓN* había mudado su lugar de residencia, sin dar aviso al Tribunal, ni informó aquel en el cual se encontraría. Tampoco respondió los llamados telefónicos cursados al abonado que denunció como propio en el proceso y en el cual fue ubicado en los albores de



#33652808#283441111#20210323191750655

EXT - Urdaneta000055

la investigación, ni compareció, pese a los términos de la intimación cursada, que fuera notificada a su defensor, y que se correspondía con aquel domicilio que constituyó como procesal, a los efectos de la causa. En base a dicho panorama, se resolvió en la ocasión antes dicha **declararlo rebelde y librar orden de detención en su contra,** disponiéndose que, una vez habido, debería ser trasladado a la **Unidad nro. 28 del Servicio Penitenciario Federal,** a disposición de este Tribunal, en calidad de **comunicado (artículos 288, 289 y cc. del Código Procesal Penal).-**

Paralelamente, se otorgó intervención al **Señor Jefe de la División Delitos contra la Salud de la Policía de la Ciudad,** a efectos de la realización de tareas tendientes a dar con el prófugo, determinándose, entre otras cosas, que *URDANETA LEÓN* había egresado del territorio argentino, por medio del Aeropuerto Ezeiza, el *21 de agosto de 2019,* con destino al país vecino Perú. Que se ordenó, el *16 de diciembre de 2019,* **hacer extensiva su captura al ámbito internacional,** circunstancia que fue comunicada al **Departamento Interpol de la Policía Federal Argentina -Sección Extradiciones-.-**

Ello, en tanto se presenta indispensable para el avance del proceso a la siguiente etapa de debate y la celebración del juicio, la sujeción del imputado a derecho, previo cumplimiento de los actos jurisdiccionales pendientes de materializar a su respecto.-

Que el delito por el cual *URDANETA LEÓN* ha sido procesado, previsto en el **artículo 119, tercer párrafo, del Código Penal de la Nación -según la reforma de la Ley 27.352-** sanciona al autor de la conducta con una pena cuya escala punitiva va **desde los seis (6) años a los quince (15) años** de reclusión o prisión y se declara expresamente que, de acuerdo a las normas del mismo ordenamiento, que hacen referencia al instituto de la prescripción **(artículo 62 del Código Penal de la Nación),** la acción penal no ha prescripto. Ello, en tanto, sin perjuicio de lo establecido en dicha norma (que establece que el término de la prescripción de la acción penal no podrá exceder de 12 años, lo cual no ha ocurrido), se han



#33652808#28344111#20210323191750655



Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

verificado actos de interrupción de la prescripción de la acción penal, en los términos del **artículo 67 incisos b y c. del Código Penal de la Nación.** En primer término, dado que la declaración indagatoria de *URDANETA LEÓN*, en los términos del **artículo 294 del Código Procesal Penal de la Nación** se ordenó el día *11 de junio de 2019* y por su parte, frente a los requerimientos de elevación a juicio formulados por las acusaciones particular y pública, que datan de fechas *26 de agosto y 5 de septiembre de 2019*, que resultan causales de interrupción de la prescripción de la acción penal, por lo que ello recién se verificará -de tener en cuenta la fecha de la última pieza procesal- el *6 de septiembre de 2031*.-

Déjese constancia que acorde a lo dispuesto en el **artículo 72 del Código Penal de la Nación Argentina**, el delito de abuso sexual previsto en el **artículo 119** del mismo cuerpo legal, resulta ser de instancia privada, acción penal que ha sido instada por la víctima, y que, de acuerdo con lo dispuesto en el **artículo 1 inciso 1° del Código Penal de la Nación Argentina** y en los **artículos 18, 26 y 37 del Código Procesal Penal de la Nación**, como juez interinamente a cargo del Juzgado Nacional en lo Criminal y Correccional nro. 3 de la Ciudad Autónoma de Buenos Aires, de la República Argentina, resulto competente tanto en la materia como en la jurisdicción, para entender en el hecho materia de pesquisa.-

Para conocimiento del magistrado exhortado, se transcriben a continuación las normas citadas en este auto, en sus partes pertinentes, que según declaro expresamente se encuentran vigentes en el territorio nacional argentino:

**Artículo 1 del Código Penal de la Nación Argentina**: "Este Código se aplicará: 1° Por delitos cometidos o cuyos efectos deban producirse en el territorio de la Nación Argentina, o en los lugares sometidos a su jurisdicción…".-

**Artículo 45 del Código Penal de la Nación Argentina**: "Los que tomasen parte en la ejecución del hecho o prestasen al autor o autores un auxilio o cooperación sin los cuales no habría podido cometerse, tendrán la pena establecida para el delito. En la misma pena incurrirán los que hubiesen determinado a otro a cometerlo".-


#33652808#283441111#20210323191750655

**Artículo 62 del Código Penal de la Nación Argentina**: "La acción penal se prescribirá durante el tiempo fijado a continuación:…2. Después de transcurrido el máximo de duración de la pena señalada para el delito, si se tratare de hechos reprimidos con reclusión o prisión, no pudiendo, en ningún caso, el término de prescripción exceder de doce años ni bajar de dos años…".-

**Artículo 67 del Código Penal de la Nación Argentina**: "La prescripción se suspende en los casos de los delitos para cuyo juzgamiento sea necesaria la resolución de cuestiones previas o prejudiciales que deban ser resueltas en otro juicio. Terminada la causa de la suspensión, la prescripción sigue su curso…. La prescripción se interrumpe solamente por:…b) El primer llamado efectuado a una persona, en el marco de un proceso judicial, con el objeto de recibirle declaración indagatoria por el delito investigado; c) El requerimiento acusatorio de apertura o elevación a juicio, efectuado en la forma que lo establezca la legislación procesal correspondiente… La prescripción corre, se suspende o se interrumpe separadamente para cada delito y para cada uno de sus partícipes, con la excepción prevista en el segundo párrafo prevista en este artículo".-

**Artículo 72 del Código Penal de la Nación Argentina**: "Son acciones dependientes de instancia privada las que nacen de los siguientes delitos: 1. Los previstos en los artículos 119, 120 y 130 del Código Penal cuando no resultare la muerte de la persona ofendida o lesiones de las mencionadas en el artículo 91…en los casos de este artículo, no se procederá a formar causa sino por acusación o denuncia del agraviado, de su tutor, curador o representantes legales…".-

**Artículo 119 del Código Penal de la Nación Argentina**: "Será reprimido con reclusión o prisión de seis meses a cuatro años el que abusare sexualmente de una persona cuando ésta fuera menor de trece años o cuando mediare violencia, amenaza, abuso coactivo o intimidatorio de una relación de dependencia, de autoridad, o de poder, o aprovechándose de que la víctima por cualquier causa  no haya podido consentir libremente la acción…la pena será de seis a quince años de reclusión o prisión cuando mediando las circunstancias del primer párrafo hubiere acceso carnal por vía anal, vaginal u oral o realizare actos análogos introduciendo objetos o partes del cuerpo por alguna de las dos primeras vías…".-

**Artículo 18 del Código Procesal Penal de la Nación**: "Naturaleza y extensión. La competencia se ejerce por los jueces y tribunales que la Constitución Nacional y la ley instituyan, y se extenderá a todos los delitos que cometieren en su territorio, o en alta mar a bordo de buques nacionales, cuando éstos arriben a un puerto de la Capital, o a bordo de aeronaves en el espacio aéreo y de los delitos perpetrados en el extranjero cuando sus efectos se produzcan en



#33652808#283441111#20210323191750655

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

nuestro país o fueren ejecutados por agentes o empleados de autoridades argentinas en el desempeño de su cargo. Es improrrogable y se extiende al conocimiento de las contravenciones cometidas en la misma jurisdicción. El mismo principio regirá para los delitos y contravenciones sobre las cuáles corresponda jurisdicción federal, cualquiera que sea el asiento del tribunal".-

**Artículo 26 del Código Procesal Penal de la Nación:** "Competencia del juez de instrucción. El juez de instrucción investiga los delitos de acción pública de competencia criminal, excepto en los supuestos en los que el ministerio fiscal ejercite la facultad que le otorga el artículo 196".-

**Artículo 37 del Código Procesal Penal de la Nación:** "Reglas generales. Será competente el tribunal de la circunscripción judicial donde se ha cometido el delito. En caso de delito continuado o permanente, lo será el de la circunscripción judicial en que cesó la continuación o la permanencia. En caso de tentativa, lo será el de la circunscripción judicial donde se cumplió el último acto de ejecución".-

**Artículo 78 del Código Procesal Penal de la Nación:** "Examen mental obligatorio. El imputado será sometido a examen mental, siempre que el delito que se le atribuya esté reprimido con pena no menor de diez años de prisión o cuando fuera sordomudo, o menor de dieciocho años o mayor de setenta, o si fuera probable la aplicación de una medida de seguridad".-

**Artículo 280 del Código Procesal Penal de la Nación:** "Restricción de la libertad. La libertad personal sólo podrá ser restringida, de acuerdo a las disposiciones de este Código, en los límites absolutamente indispensables para asegurar el descubrimiento de la verdad y la aplicación de la ley. El arresto o la detención se ejecutarán de modo que perjudiquen lo menos posible a la persona y reputación de los afectados y labrándose un acta que éstos firmaran, si fueren capaces, en la que se les comunicará la razón del procedimiento, el lugar donde serán conducidos y el juez que intervendrá".-

**Artículo 288 del Código Procesal Penal de la Nación:** "Casos en que procede. Será declarado rebelde el imputado que sin grave y legítimo impedimento no compareciere a la citación judicial, o se fugare del establecimiento o lugar en que se hallare detenido, o se ausentare, sin licencia del tribunal, del lugar asignado para su residencia".-

**Artículo 289 del Código Procesal Penal de la Nación:** "Declaración. Transcurrido el término de la citación o comprobada la fuga o la ausencia, el tribunal declarará la rebeldía por auto y expedirá orden de detención, si antes no se hubiere dictado".-



#33652808#283441111#20210323191750655

**Artículo 294 del Código Procesal Penal de la Nación**: "Procedencia y término. Cuando hubiere motivo bastante para sospechar que una persona ha participado en la comisión de un delito, el juez procederá a interrogarla; si estuviere detenida, inmediatamente, o a más tardar en el término de veinticuatro (24) horas desde su detención. Ese término podrá prorrogarse por otro tanto cuando el magistrado no hubiere podido recibir la declaración, o cuando lo pidiere el imputado para designar defensor".-

**Artículo 306 del Código Procesal Penal de la Nación**: "Términos y requisitos. En el término de diez días, a contar de la indagatoria, el juez ordenará el procesamiento del imputado siempre que hubiere elementos de convicción suficientes para estimar que existe un hecho delictuoso y que aquél es culpable como partícipe de éste".-



**Artículo 308 del Código Procesal Penal de la Nación**: "Forma y contenido. El procesamiento será dispuesto por auto, el cual deberá contener, bajo pena de nulidad, los datos personales del imputado o, si se ignoraren, los que sirvan para identificarlo; una somera enunciación de los hechos que se le atribuyan y de los motivos en que la decisión se funda, y la calificación legal del delito, con cita de las disposiciones aplicables".-

**Artículo 310 del Código Procesal Penal de la Nación**: "Procesamiento sin prisión preventiva. Cuando se dicte auto de procesamiento sin prisión preventiva, por no reunirse los requisitos del artículo 312, se dejará o se pondrá en libertad provisional al imputado y el juez podrá disponer que no se ausente de determinado lugar, que no concurra a determinado sitio o que se presente a determinada autoridad en las fechas periódicas que se le señalen…".-

**Artículo 346 del Código Procesal Penal de la Nación**: "Vista al querellante y al fiscal. Cuando el juez hubiera dispuesto el procesamiento del imputado y estimare completa la instrucción, correrá vista sucesiva a la parte querellante y al agente fiscal por el término de seis días, prorrogable por otro período igual en casos graves o complejos" .-

**Artículo 347 del Código Procesal Penal de la Nación**: "Dictamen del fiscal y del querellante. La parte querellante y el agente fiscal manifestarán al expedirse: 1. Si la instrucción está completa o, en caso contrario, qué diligencias considera necesarias. 2. Cuando la estimaren completa, si corresponde sobreseer o elevar la causa a juicio. El requerimiento de elevación a juicio deberá contener, bajo pena de nulidad, los datos personales del imputado; una relación clara, precisa y circunstanciada de los hechos, su calificación legal y una exposición sucinta de los motivos en que se funda".-



#3365280B#28344111#2021032319175065S

EXT - Urdaneta000060

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

**Artículo 349 del Código Procesal Penal de la Nación:** "Facultades de la defensa. Siempre que el agente fiscal requiera la elevación a juicio, las conclusiones de los dictámenes serán notificadas al defensor del imputado, quien podrá, en el término de seis días: 1. Deducir excepciones no interpuestas con anterioridad. 2. Oponerse a la elevación a juicio, instando el sobreseimiento. 3. Ejercer la opción, cuando corresponda, para la intervención de un tribunal colegiado o unipersonal, con la conformidad del imputado. Si no dedujere excepciones u oposición, la causa será remitida por simple decreto, que declarará clausurada la instrucción, al Tribunal que corresponda, en el término de tres días de vencido el plazo anterior. Dicho decreto deberá mencionar si el imputado y su defensor se expidieron en los términos del inciso 3. del presente artículo".-

En virtud de todo lo expuesto, y con la finalidad de que se proceda a materializar la extradición a esta Ciudad del prófugo, de conformidad con lo dispuesto en el tratado aplicable, se libra el presente exhorto diplomático y se acompañan copias del auto de procesamiento, de la confirmación de dicha decisión por parte del Tribunal de Alzada, de la declaración de rebeldía y orden de detención, de aquella providencia mediante la cual se extendió su captura a nivel internacional, de las requisitorias de las acusaciones particular y pública mediante las cuales se postuló la elevación a juicio del sumario y de aquella a través de la cual la defensa no se opuso a tal pretensión. A su vez, en lo que al imputado respecta, de copias de las constancias con que se cuenta, que reflejen su identidad y rasgos físicos.-

Dado, sellado y firmado en la sala de mi público despacho, en la Ciudad Autónoma de Buenos Aires, a los 25 días del mes de marzo de 2021.-



WALTER JOSÉ CANDELA
JUEZ

MARÍA CECILIA PERZÁN
SECRETARIO DE JUZGADO



#33652808#283441111#20210323191750655

EXT - Urdaneta000061

*Rocío S. C* **Certifico**: que la Dra. María Cecilia Perzan resulta Secretaria efectiva
Traductora Pú
Int. Ta. XX Fa. de la Secretaría N° 110, la cual corresponde al Juzgado Nacional en lo
scrip. C.T.P.C
Criminal y Correccional N° 3 que se encuentra interinamente a mi

cargo, y que la firma y sello que anteceden le pertenecen y utiliza en

todos sus actos. Expido el presente en la Ciudad Autónoma de Buenos

Aires, a los 25 días de marzo de 2021.-



WALTER JOSÉ CANDELA
JUEZ

*Rocío S. C*
Traductora Públ
Mat. Ta. XX Fa.
Inscrip. C.T.P.C

*rian*
nglés
p. Fed.
° 7970



#33652808#283441111#20210323191750655

EXT - Urdaneta000062

---------------------------TRADUCCIÓN PÚBLICA – CERTIFIED TRANSLATION ---------------------------

[In the top center of every page, there appears a badge under which it reads:] **Argentine Judicial Branch, Argentine Court with Jurisdiction over Criminal and Correctional Matters N° 3 – Case 36571/2019.** ---------

[In the right top margin of every page, there appears an illegible signature under which it reads:] MARIA CECILIA PERZAN, CLERK ----------------------------------------------------------------------------------------

[At the bottom of every page, there appears a bar code with the following number:] [There appears a bar code under which it reads:] #33652808#283441111#20210323191750655 ---------------------------------------

Buenos Aires, March 25th, 2021. -------------------------------------------------------------------------------------

[There appears a seal that reads:] Argentine Judicial Branch – Argentine Court with Jurisdiction in Criminal and Correctional Matters N°3--------------------------------------------------------------------------------------------

**To Mr. Alberto Seijas, President at the Argentine Chamber with Jurisdiction over Criminal and Correctional Matters in the City of Buenos Aires, Argentine Republic.** --------------------------------------

I am honored to write to you in relation with the case N°36571/2019, titled **"Urdaneta León René Alberto on Sexual Abuse – section 119, 3rd paragraph. Victim: Romero Novoa Luisana…"**, which is being treated at the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3 under my charge (Clerk's Office N° 110 under the charge of María Cecilia Perzan, attorney at law), to request you to certify the signature of the undersigned on the international petition attached hereto, which is aimed to the Judicial Authority (MR. JUDGE WITH JURISDICTION OVER CRIMINAL MATTERS) on duty, or which corresponds, with jurisdiction in Los Fresnos, Texas, United States of America. ------------------------

Yours Sincerely,------------------------------------------------------------------------------------------------------

[There appears an illegible signature under which it reads:] WALTER JOSÉ CANDELA, JUDGE-----------------

[There appears an illegible signature under which it reads:] MARÍA CECILIA PERZAN, COURT'S CLERK -----

---------------------------------------------------------------------------------------------------------------------

**WALTER JOSÉ CANDELA**, the Judge in charge of the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3 (Talcahuano 550, 5th floor, office N° 4079, City of Buenos Aires, Argentine Republic, Telephone [0054] – 011-4372-4679).------------------------------------------------------------------------

**TO MR. JUDGE WITH JURISDICTION IN CRIMINAL MATTERS**, or to whom it may correspond due to his position and/or jurisdiction in Los Fresnos, Texas, United States of America.------------------------------------

**I HEREBY GREET, REQUEST AND MAKE KNOWN:**-------------------------------------------------------------

That in the case N° 36571/2019 titled **"Urdaneta León René Alberto on Sexual Abuse – section 119, 3rd paragraph. Victim: Romero Novoa Luisana…"**, which is being treated at the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3 under my charge , Clerk's Office N° 110, it has

EXT - Urdaneta000063

*Rocío*
*Traduces*
*Ant. To. 3*
*scrip. C*

2

been decided to issue this document to request its compliance, and offering reciprocity in similar cases, in accordance with the Extradition Treaty signed together with the United States of America (on June 10th, 1997 and approved by **the Argentine Law N° 25.126**) so that, through your intervention, you could extradite to the City of Buenos Aires, Argentine Republic, the citizen **RENÉ ALBERTO URDANETA LEÓN** – holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726 and of the Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela (son of Raimundo Urdaneta and of Eyilde Leon), who is currently detained in the United States of America due to his irregular migration situation and aimed to be subjected to a criminal procedure.- --------------------------------------------------------------------------------

*arian*
*· Inglés*
*Cap. Fed.*
*. N.° 1970*

To that effect, it is hereby mentioned to the corresponding judge in the United States of America, that the **investigatory declaration** for the case of **URDANETA LEÓN**, under the **section 294 of the Argentine Criminal Code of Procedure**, has been ordered on June 11th, 2019 and materialized on June 18th, 2019, and that he has been subjected to a **criminal case** on July 1st, 2019 due to the fact that he damaged **Luisana Romero Novoa**, on May 23rd, 2019, around 4am, approximately, inside the domicile the victim was sharing with her friend, Claudia Virginia Méndez Pabón, located at the street Acevedo 421, 7th floor, "D", in the City of Buenos Aires, when he sexually abused her. According to the declaration made by the victim, after meeting the accused and his cousin at a bar for the Méndez Pabón's birthday, who was already a friend of the accused in her native country, the four of them went to the domicile mentioned hereinbefore. In that context, and when **Romeo Novoa** was in her room, the accused abruptly appeared and, saying not a word, pushed her against a closet and wanted to kiss her. At the same time, he proceeded sexually touching her all her body, at first on her clothes until he introduced his fingers inside the pants she was wearing, which he unbuttoned as to introduce his fingers inside the vaginal cavity of the victim, penetrating it. The victim resisted his attitude, both verbally and physically, manifesting she did not want to have any sexual contact with him and, also, tried to push him without any result until, after that, the accused stopped explaining he had not stopped before because he thought "she was enjoying it". After that episode, according to **Romero Novoa**, the accused left the domicile with his cousin.

That, the actions due to which the accused **URDANETA LEÓN** became a party of a criminal case, as the **Author**, are aligned with the crime of **sexual abuse with carnal access (sections 45 and 119, third paragraph, Argentine Criminal Code, according to the amendment of the Argentine Law 27.352 and the sections 306, 308, 310 of the Argentine Criminal Code of Procedure)** and the behavior mentioned hereinbefore was confirmed by the superior grade -members of the **Room VII of the Chamber with Jurisdiction in Criminal and Correctional Matters in the City of Buenos Aires**- on August 12th, 2019.- ----

That, after that, the plaintiff, **Luisana Romero Novoa**, represented by Mr. Carlos E. Calvo, attorney at law, and Ms. Estela Verdiglione, Assistant Prosecutor, attorney at law, requested the case to be taken to court (in accordance with the **sections 346 and 347 of the Argentine Criminal Code of Procedure** on the dates August 26th, 2019 and September 5th, 2019) and, the defense counsel of the accused, neither showed opposition nor considered exceptions, choosing, instead, the intervention of a collegiate court through a presentation on September 10th, 2019 **(section 349 of the Argentine Criminal Code of Procedure)**. --------------------------------------------------------------------------------

In turn, on August 26th, 2019, on the plaintiff's request, the accused was ordered **not to leave the country**, a precautionary action that was reasonable, appropriate and proportional considering the seriousness of the episode due to which the accused should be taken to court and, specially, considering the stage of the investigation at that time and, also, considering it was important to secure the accused's appearance during the trial and its development **(section 280 of the Argentine Criminal Code of Procedure)**. That, as this court expressed, on September 26th, 2019, the accused was called to appear as to have a social meeting and to be intimated, in accordance with the **section 78 of the Argentine Criminal Code of Procedure**, which could not be complied with due to the fact that URDANETA LEÓN had moved his place of residence without notifying the court about that and about where he was going to stay. Neither he answered the phone calls on the phone number he, himself, reported in this case to be his own, nor he appeared, considering the intimation's terms and conditions notified to his defense counsel and, which corresponded to the domicile he gave for the procedure of the case. Thus, it was resolved to **declare him in default and to issue an arrest warrant against him**, stipulating that, after that, he should be moved to the **Unit N°28 of the Argentine Federal Penitentiary Service**, at this court's disposal. Be the foregoing considered **communicated (sections 288, 289 of the Argentine Criminal Code of Procedure).-**

Concurrently, it was granted to Mr. **Chief of the Department of Crimes against the City's Police in the Argentine Republic**, his intervention in this case so that he could locate the fugitive, considering the accused, URDANETA LEÓN had left the Argentine Republic through the Ezeiza Airport, on August 21st, 2019 with destination to our neighbor country, Perú. That it was ordered, on December 16th, 2019, **to make his capture extensive on an international level**, which was communicated to the **Interpol Department of the Argentine Federal Police – Extraditions Area-. ----------------------------------------------**

What has been stipulated before is essential for the progress of the case and for the trial completion, for the accused to be judged in accordance with the law.--------------------------------------------

That the crime due to which **URDANETA LEÓN** has been taken to court, set in the section 119, **third paragraph of the Argentine Criminal Code -according to the amendment of the Argentine Law**

27.352-, penalizes the author with a punishment, punitive scale of which goes from six (6) to fifteen (15) years of reclusion or prison, and it is declared that, in accordance with another section of the same code, which refers to the expiration of the punishment **(section 62 of the Argentine Criminal Code)**, the punishment has not expired, yet. Without prejudice to that sextion (which sets that the term of the expiration of the criminal action could not exceed 12 years (which has not happened)), acts of interruption of the expiration of the criminal action have taken place, in accordance with the **section 67, subsections b and c of the Argentine Criminal Code**. First, due to the fact that the declaratory investigation of URDANETA LEÓN, in accordance with the **section 294 of the Argentine Criminal Code of Procedure**, was ordered on June 11th, 2019 and, considering the requirements of taking the case to court, made by both the particular and public accusations, on the dates August 26th, 2019 and September 5th, 2019. These are the reasons for the interruption of the expiration of the criminal action. Thus, that will be verified – considering the date of the last procedural piece – on September 6th, 2031.----------------------------------------

it is hereby left the record that, in accordance with the **section 72 of the Argentine Criminal Code**, the crime of sexual abuse set by the **section 119** of the same code, results to be private, criminal case started by the victim and in accordance with the **section 1, subsection 1° of the Argentine Criminal Code and the sections 18, 26 and 37 of the Argentine Criminal Code of Procedure**, and I, as the judge in charge of the Argentine Court with Jurisdiction over Criminal and Commercial Matters N°3, located in the City of Buenos Aires, am the competent authority, both from the subject point of view and from the jurisdiction point of view, to understand the case.--------------------------------------------------------------------

So that the judge to whom I sent the international petition knows, hereinbelow are the sections which apply for this case and which are valid in the Argentine territory:----------------------------------------

**Section 1 of the Argentine Criminal Code:** "This Code shall be applied: 1° For crimes committed or, effects of which, are produced in the territory of the Argentine Republic or in the places within its jurisdiction...".

**Section 45 of the Argentine Criminal Code:** "Those who are part of the crime or help the author, or authors, in a way that without it the crime would not have been committed, shall suffer the punishment set for that crime. The same punishment applies for those who may encourage to commit it." ------------

**Section 62 of the Argentine Criminal Code:** "The criminal action shall expire within the period set as follows:...2. After the maximum duration of the punishment applied for the crime, when facts penalized with reclusion or prison take place, not being possible for the period of expiration exceed twelve years or be reduced to two years..."--------------------------------------------------------------------------

**Section 67 of the Argentine Criminal Code:** "the expiration is suspended when there are cases that need the resolution of previous matters to be solved in another trial. After the case of the suspension, the

EXT - Urdaneta000066

expiration continues....the expiration is interrupted only by...b) the first call received by a person, within a judicial procedure, aimed to listen the accused of the crime at a declaratory investigation; c) the requirement of taking the case to court, in accordance with the corresponding legislation...The expiration is continued, suspended or interrupted separately for every crime and for each of its participants, except for the second paragraph of this section." ---------------------------------------------------------------------------

**Section 72 of the Argentine Criminal Code:** "The actions that depend on a private instance are those which arise from the following crimes: 1. Those appearing in the sections 119, 120 and 130 of the Argentine Criminal Code when the victim's death does not take place or is not injured in accordance with the section 91...in the cases of this section, any case shall be created except when the victim, his tutor, curator or legal representatives make an accusation or criminal report..." ---------------------------------------

**Section 119 of the Argentine Criminal Code:** "he who sexually abuses a person when she is under the age of thirteen or when there is violence, threat, coactive or intimidating abuse of a relationship of dependence, authority or power, taking advantage that the victim, for any reason, could not freely choose the action, shall be penalized with reclusion or prison from six months to four years...The punishment shall consist of six to fifteen years of reclusion or prison when the circumstances of the first paragraph take place, and there were anal, vaginal or oral carnal access or there were similar acts like introducing objects or parts of his body by the first two vias. "---------------------------------------------------------------------------

**Section 18 of the Argentine Criminal Code of Procedure:** "Nature and extension. The powers are exercised by the judges and courts that the Argentine Constitution and the Argentine Law set and they shall be extended regarding all the crimes committed on their territory, or at open sea on board Argentine ships when arriving at the port of the city or on board aircrafts in the areal space and, also, regarding the crimes committed abroad when their effects take place in the Argentine Republic or they were committed by agents or employees of Argentine authorities during the development of their charge. The powers are not extendible in terms of time but it does correspond to the knowledge of all the misdemeanors committed in the same jurisdiction. The same principle shall apply for the crimes and misdemeanors for which federal jurisdiction may correspond, without prejudice of the court's place.------------------------------

**Section 26 of the Argentine Criminal Code of Procedure:** "Powers of the investigation stage judge". The Investigating Judge investigates the public action crimes except for those on which the Attorney General's Office exercises the powers granted by the section 196".---------------------------------------------------------------

**Section 37 of the Argentine Criminal Code of Procedure:** "General rules. The court of the judicial district where the crime has been committed, shall have the powers regarding that crime. In the case of a continued or permanent crime, the powers shall belong to the court of the judicial district where the

EXT - Urdaneta000067

6

continuation or permanence ceased. In case of an attempt, the case shall belong to the court of the judicial district where the last act of execution was carried out." ------------------------------------------------------------

**Section 78 of the Argentine Criminal Code of Procedure:** "Mandatory mental exam. The accused shall be submitted to a mental exam when the crime attributed to him is penalized with a punishment of not less than ten years of prison or when he is deaf-mute, or younger than eighteen years old or older than seventy years old, or if the application of a security measure could be possible". ------------------------------------

**Section 280 of the Argentine Criminal Code of Procedure:** "Restriction of freedom. The personal freedom shall only be restricted, according to the sections of this Code, when the limits are absolutely necessary to guarantee the truth discovery and the application of the law. The arrest or detention shall be carried out in a way that affects as little as possible the person and reputation of the affected parties and making a record that all shall sign, if they were capable, by which, the reason of the procedure, place where they will be moved and the name of the judge shall be communicated."------------------------------------------

**Section 288 of the Argentine Criminal Code of Procedure:** "Cases in which it applies. The accused who, without any important or legal impediment, does not appear after a judicial citation, escapes away from the place where he is detained, or is absent, without any court's authorization, from the place chosen for his residency, shall be declared to be in default." ----------------------------------------------------------

**Section 289 of the Argentine Criminal Code of Procedure:** "Declaration. After the term of the citation or after the accused's scaping or absence is proven, the court shall declare the default in the case and shall issue a detention order if it had not done it before."-----------------------------------------------------------

**Section 294 of the Argentine Criminal Code of Procedure:** "Origin and term. When there is a reason to suspect a person has taken part in the commission of a crime, the judge shall proceed to interrogate that person; if that person were detained, immediately, or in a maximum period of twenty-four (24) hours from his detention. This term shall be extended when the judge could not receive the declaration or when the accused asks for it as to appoint a defense counsel." -----------------------------------------------------

**Section 306 of the Argentine Criminal Code of Procedure:** "Terms and requirements. In the period of ten days, from the investigatory declaration, the judge shall order the prosecution of the accused when there existed enough elements to consider there is a criminal fact and that he is guilty as a participant in it."---

**Section 308 of the Argentine Criminal Code of Procedure:** "Manner and content. The prosecution shall be determined in the case and it shall have, under a nullity punishment, the personal information of the accused or, if they were ignored, those that are useful to identify the accused; the list of facts attributed to him with the reasons for which they are attributed to him and the legal name of the crime, mentioning the applicable dispositions." ---------------------------------------------------------------

**Section 310 of the Argentine Criminal Code of Procedure:** "Prosecution without preventive prison. When the prosecution is ordered for not complying with the requirements in the section 312, the accused shall have a provisional freedom and the judge shall be able to order the accused not to leave a particular place, not to go to a particular place or to appear before a particular authority on the dates set." ------------------

**Section 346 of the Argentine Criminal Code of Procedure:** "Citation to the plaintiff and to the prosecutor. When the judge has ordered the prosecution of the accused and has set the investigation stage is complete, he shall notify the plaintiff and the prosecutor in six days, extendible for other six days in important or complex cases." --------------------------------------------------------------------

**Section 347 of the Argentine Criminal Code of Procedure:** "Ruling of the prosecutor and the plaintiff. The plaintiff and the prosecutor shall manifest: 1. If the investigation process is complete or, otherwise, which requirements they consider necessary. 2. When the investigation is complete, if it corresponds to dismiss or to take the case to the court. The requirement to take it to court shall content, under nullity punishment, the personal information of the accused, a clear and precise list of facts, the legal name of the crime and the reasons by which it should be taken to court." ---------------------------------------------

**Section 349 of the Argentine Criminal Code of Procedure:** "Powers of the defense counsel. Every time the prosecutor requires the case to be taken to a court, the conclusions of the rulings shall be notified to the accused's defense counsel", who may, within the period of six days: 1. Mention exceptions not manifested before, 2. Oppose himself to take the case to court requesting the stay in the proceedings, 3) Choose, when it corresponds, the intervention of a collegiate or unipersonal tribunal previously agreed with the accused. When the defense counsel does not mention any exception or opposition, the case shall be referred by the judge's ruling, which also implies the investigation is finished, to the court it corresponds within the period of three months after the previous period expired. That ruling shall mention if the accused and his defense counsel applied the subsection 3 of this section." ---------------------------------

By virtue of the foregoing, and to the effect that the extradition of the fugitive to the City of Buenos Aires is materialized, in accordance with the applicable treaty, this international petition is issued together with the copies of the case procedure, of the confirmation of the ruling by the court, of the declaration of default and the detention order, of the providence through which the capture was extended on an international level, of the requirements of the accusations made on a private and public level through which the case was taken to court and, also, through which the defense did not oppose to. Also, regarding the accused, the copies of the evidence showing his identity and physical features. -------

Issued, sealed and signed at my public office, in the City of Buenos Aires, on March 25th, 2021.-

[There appears an illegible signature under which it reads:] WALTER JOSÉ CANDELA, JUDGE------------------



[There appears an illegible signature under which it reads:] MARÍA CECILIA PERZAN, COURT'S CLERK -----

I hereby certify: that María Cecilia Perzan, attorney at law, is the definite court's clerk of the Clerk's office N° 110, which corresponds to the Argentine Court with Jurisdiction over Criminal and Correctional Matters under my charge. The signature and seal appearing before belong to her and she use them in all the documents. -----------------------------------------------------------------

[There appears an illegible signature under which it reads:] WALTER JOSÉ CANDELA, JUDGE-----------------

The foregoing is a true and accurate translation into English of the original document in Spanish that I have had before me and I attach hereto. In Buenos Aires, on April 8th, 2021. -------------------------------

La que antecede es traducción fiel al idioma inglés del documento original en idioma español que he tenido a la vista y al cual me remito. En Buenos Aires, a los 8 días del mes de abril de 2021. -----------------

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización
N° 17868/21

JACOBO A. MORGUNOVSKY MICHELL

Rocío S. Chakarian
Traductora Pública - Inglés
Mat. Ta. XX Fo. 357 Cap. Fed.
Inscrip. C.T.P.C.B.A. N.° 7970

Escaneado con CamScanner

EXT - Urdaneta000070



## COLEGIO DE TRADUCTORES PÚBLICOS
## DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,

en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/a la Traductor/a Público/a     CHAKARIAN, ROCÍO SOLEDAD

que obran en los registros de esta institución, en el folio        del Tomo        en el idioma

357              20              INGLÉS

Legalización número:  **17968**

Buenos Aires,   08/04/2021

MARCELO F. SIGALOFF
Gerente Dpto. de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:   48213217968

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

EXT - Urdaneta000071

207492

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla quí unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

EXT - Urdaneta000072

1

---------------------------TRADUCCIÓN PÚBLICA – CERTIFIED TRANSLATION ---------------------------

[In the left top margin, there appears the following:] INSTRUCTOR: CM---------------------------------

[In the right top margin, there appears a bar code]---------------------------------------------------

[In the top center, there appears a badge under which it reads:] **ARGENTINE JUDICIAL BRANCH** -----------

**ARGENTINE CHAMBER OF APPEALS WITH JURISDICTION OVER CRIMINAL AND CORRECTIONAL MATTERS**-----------------------------------------------------------------------------------------

-------------------------------------**CRIMINAL REPORT**-----------------------------------------------

ASSIGNATION DATE: 05/24/2019 -----------------------------------------------------------------------

CASE N° CCC 36571/2019-------------------------------------------------------------------------------

(Turn) COURT N°3 – CLERK'S OFFICE N°110-----------------------------------------------------------

(Draw) Room 7 ------------------------------------------------------------------------------------------

**ORIGIN ORGANIZATION:** DISTRICT PRESCINCT 15 ----------------------------------------------------------

**ACCUSED:** URDANETA LEON, RENE ALBERTO (IN DEFAULT) ------------------------------------------------

**ATTORNIES AT LAW:** PLASTINA MARTIN MIGUEL-------------------------------------------------------

OFFICIAL PUBLIC ATTORNEY' AT LAWS OFFICE N° 23 BEFORE THE ARGENTINE COURTS WITH JURISDICTION OVER CRIMINAL AND CORRECTIONAL MATTERS -----------------------------------------------------------

MALATO FEDERICO MIGUEL -----------------------------------------------------------------------------

OFFICIAL PUBLIC ATTORNEY AT LAW'S OFFICE N° 23 BEFORE THE ARGENTINE COURTS WITH JURISDICTION OVER CRIMINAL AND CORRECTIONAL MATTERS -----------------------------------------------------------

**ABOUT:** SEXUAL ABUSE – SECTION 119 3RD PARAGRAPH ----------------------------------------------

**PLAINTIFF:** ROMERO NOVOA, LUISANA ------------------------------------------------------------------

BUENOS AIRES, ARGENTINE REPUBLIC------------------------------------------------------------------

**ATTORNEYS AT LAW:** ALEJO PISANI ---------------------------------------------------------------------

CARLOS EDUARDO CALVO------------------------------------------------------------------------------

**JUDGE:** WALTER JOSE CANDELA-------------------------------------------------------------------------

**CLERK:** MARIA CECILIA PERZAN --------------------------------------------------------------------------

**PROSECUTOR'S OFFICE:** N°27, MARCELO MUNILLA LACASA (SUBSTITUTE) -----------------------------------

-----------------------------------------------------------------------------------------------------------

Buenos Aires, July 1st, 2019.-------------------------------------------------------------------------

       **WHEREAS:**------------------------------------------------------------------------------

       This **case N° 36571/2019** of the record of the Clerk's office N°110 of this Court under my charge and, about the procedural situation of **René Alberto URDANETA LEÓN** - holder of the Argentine Identity

*Rocío*
Traduct
Mat. To.
nscrip. '

*'hakarian*
blica - Inglés
.357 Cap. Fed.
.B.A. N.° 7970

for Foreigners N° 95.901.670, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor, apartment 7, in the City of Buenos Aires, Argentine Republic, stablished at the **Official Public Attorney At Law's N°23, under Nicolás Latino, Attorney at law**, who exercises the accused's defense.-

<ins>AND CONSIDERING:</ins> -----------------------------------------------------------------------------------

<ins>I) ABOUT THE ACCUSATION. -</ins>----------------------------------------------------------------------------

That in the case, according to the **section 306 of the Argentine Criminal Code**, it was given credit to the fact that **René Alberto URDANETA LEÓN** sexually abused **Luisana Romero Novoa**, on May 23th, 2019, around 4am, inside the domicile the victim was sharing with her friend, Claudia Virginia Méndez Pabón, located at the street Acevedo 421, 7th floor, apartment "D", in the City of Buenos Aires, when he sexually abused her. ----------------------------------------------------------------------------------------

Thus, according to the declaration made by the victim, after meeting the accused and his cousin at a bar for Méndez Pabón's birthday, who was already a friend of the accused in her native country, the four of them went to the domicile mentioned hereinbefore. In that context, and when **Romeo Novoa** was in her room, the accused abruptly appeared and, saying not a word, pushed her against a closet and wanted to kiss her. At the same time, he proceeded sexually touching all her body, at first on her clothes until he introduced his fingers inside the pants she was wearing, which he unbuttoned as to introduce his fingers inside the vaginal cavity of the victim, penetrating it.------------------------------------------------

That, the victim resisted his attitude, both verbally and physically, manifesting she did not want to have any sexual contact with him and, also, tried to push him without any result until, after that, the accused stopped explaining he had not stopped before because he thought "she was enjoying it". After that episode, according to **Romero Novoa**, the accused left the domicile with his cousin. --------------------

<ins>II) DECLARATORY INVESTIGATION.</ins> -------------------------------------------------------------------------

That in the pages 52/3, there appears the **declaratory investigation (section 294 of the Argentine Criminal Code)** of **René Alberto URDANETA LEÓN**, who, on that opportunity, used the constitutional right that assisted him about refusing to declare, clarifying that, in relation to that investigation, he would refer to the deposition he would present in writing together with his defense counsel.--------------------------------------------------------------------------------------------------------

He himself, to that effect, proceeded with the materialization of the act mentioned before, which appears in the **page 57**, through which, the accused clarified he did not have any relationship with

EXT - Urdaneta000074

**Romero Novoa** on the day before the day of the fact, and he also recognized he went to her and her friend's domicile and, in that context, they were celebrating, talking, laughing and drinking.- ---------------

He mentioned he entered the room of the victim because "she called me so I bring her a cigarette. At that moment, she invited me to come in and we were hugging each other intimating in the bed and then she said she did not want to keep on doing that and that she prefered to continue another day, so I left". That is why, "it was a surprise for me when I was told she had denounced me".--------------

This way, the accused added that the damaged party was "who invited me to lay with her on the bed and we kissed each other on her consent. It is true that I could have touched her intimate parts as she also did, but I never abused her".------------------------------------------------------------------------

III) ABOUT THE EVIDENCE GIVEN. -------------------------------------------------------------------------

That, the elements put at the case's disposal resulted to be: ---------------------------------------

1) the testimony of Luisana Romero Novoa in the pagee **1** and its judicial extension in the pages **22/4;** ---

2) the record of the preliminary investigation in the pagee **5;**-----------------------------------------------

3) the legal medical report copied in the pages **7/9;**----------------------------------------------------------

4) the collaboration report, added in the pages **10/12;**-----------------------------------------------------

5) the document where the proves taken appear, incorporated in the pagee **13;** ------------------------

6) the words expressed by the Officer Eliana Soledad Martínez, in the pagee **14;** ------------------------

7) the testimony given by Claudia Virginia Méndez Pabón in the pages **26/27;** ----------------------------

8) the reports created, in relation with the victim, by the professionals at the **Forensic Medical Body of the Argentine Justice**, in the pages **29/31 and 35/8;**-------------------------------------------------------------

9) the reports sent by the **Neighborhood Precinct 15 B of the Police of the City of Buenos Aires**, in the pages **45/7 and;**-------------------------------------------------------------------------------------------------

10) the reports sent by the **Computing Intelligence Division**, in the pages **66/77**, together with those recorded at the Clerk's Office, the case records in the pagee **78** and the transcriptions, in the pages **79/82**.-

IV) EVIDENCE VALUATION. -------------------------------------------------------------------------------

When making a resolution for this case and exactly as I said it hereinbefore, I understand that the elements charged on the accused are rational, which were exposed to the rational critic **(sections 241 and 263 "in fine" of the Argentine Criminal Code of Procedure)**, result to be accurate to define **René Alberto URDANETA LEÓN**'s behavior set in the **section 306** of the same code. ------------------------------------------

The **solid accusation** presented by the victim, **Luisana Romero Novoa**, every time she was interviewed at the multiple instances, is added to the case as a fundamental evidence to confirm that the sexual aggression existed and was performed by the accused. -----------------------------------------------------

. Chak
a Pública ·
( Fa. 357 (
'.P.C.B.A.

The court clarifies that the victim, although she had to go through a traumatic episode, she herself appeared in a harmonious way, checking the terms of the accusation and completely rejecting, this way, the deposition given by **URDANETA LEÓN**, which will be presented hereinafter.--------------------

In the first place, she appeared before the **Neighborhood Precinct 15 B of the Police of the City of Buenos Aires** (according to the **page 1**), the same day the abusive episode took place, late in the night, occasion when she realized how abruptly **URDANETA LEÓN** appeared in her room at the domicile of the street Acevedo 421 in this City, which she was sharing with her friend (also, a friend of the accused), Méndez Pabón, and how, the accused violently came close to her, pushing her against the closet so that he could touch different parts of her body to introduce, finally, his fingers into her the vaginal cavity.- ---

In the second place, in the context of the measures taken during the prevention, this is, she was interviewed by the Medical Doctor Guillermo Naveiro for the **medical report**, which appears in the pages **7/9**, where he left proof of what she had told him, "a man named René Urdaneta penetrated his fingers into her vaginal via".--------------------------------------------------------------------

Concurrently, in the **collaboration report**, made at the **Hospital Durand** [A Hospital in the Argentine Republic], where she was derived, the acting professionals, Raquel L. Sasson and Andrea Saldaña, left proof of what **Romero Novoa** had told them, considering that she "went to her room to sleep and, when she was taking off her earrings, Mr. René Urdaneta came in without previous notice, took her with force and started kissing and touching her"... She said that he: "he unbuttoned my pants and put his hand inside and penetrated his fingers. I pushed him, I wanted to get rid of him, but he was very strong. I pushed him again until he left the room" (see **pages 10/2**).----------------------------------------------------------

It is important to mention, in this part, the judgment of the specialists, who put in writing that the account of the victim was "coherent and ordered" and that she looked "visibly upset...and willing to continue with the judicial procedure". That situation could also be seen by the court when she appeared before it.- ---------------------------------------------------------------------------------------------------

In effect, as it appears in the records in the pages **22/4, Romero Novoa**, ratified her initial account and explained, in a more precise way, both the previous moments of the abusive activity carried out by **URDANETA LEÓN** and, also, the episode itself, feeling upset, which is compatible with the nature of the event that makes the accused be subjected to a procedure.--------------------------------------------------

At that address, she said that on May 22nd, she was celebrating with her friend Claudia, who invited **URDANETA LEÓN** to join them, who did it together with his cousin. They went to two bars and, after that, they went to the domicile mentioned before, where they arrived early in the morning (23rd), occasion when "we were in the kitchen, talking, we drank a bottle of wine, we listened to music,

everything was normal...". And she said that, in a specific moment, only the accused stayed in the room due to the fact that his cousin left to buy more alcohol and, in that circumstance, he went to her room when "I was going to go to bed to sleep". Thus, she told: "I was in my room, in front of the closet, I was taking off my earrings and rings and taking off my make-up and, at that moment, RENE came into my room directly, without saying anything. He pushed me against the closet and started kissing me, touching me. I pushed him again telling him I did not want that and I told him to leave me alone. He kept on touching me, kissing me, touching me everywhere, on my clothes, on all my body. He unbuttoned my pants and put his fingers inside my pants and started penetrating them". She remarked she materially opposed by both expressing it with words and pushing him. She said: "I told him to stop, I pushed him, and he did not stop, he was hurting me a lot. I could not get rid of him. At a specific moment, I don't know if I shouted at him or pushed him but I could make him move away, I asked him what was happening to him and he only said that he had not stopped because he thought I was enjoying it". After the pause we had to make, in that part, due to the fact that the victim started crying, she continued her account exposing that, only after all that, **URDANETA LEÓN** "moved away, so I put on my shoes, went for the keys, which were in front of the enter door, and then, I realized his cousin was there, sitting in the kitchen, smoking a cigarette. I had not realized when he came back. So, I went downstairs to open the door to them and then I went on my bed and started crying, until I fell asleep".------------------------------------------------------------------------

When she appeared before the court, she told the conversation she had had with Claudia, whom she told, a few hours after the episode, what had happened, via chat and, for her surprise, Claudia told **Romero Novoa** a similar act performed by the accused, which was ratified by the witness Méndez Pabón.-

**Romero Novoa** indicated that, according to what her friend had talked with the accused, he said he did not remember what had happened and, even though he wanted to say sorry to her, he never contacted her again".------------------------------------------------------------------------------------------

At this point, it is important to say that the victim immediately showed the court the messages exchanged with her friend, Claudia, which were extracted through the duly intervention of the **Computing Intelligence Analysis of the Police of the City of Buenos Aires**, as it appears in the **pages 66/70**. The documentation reserved at the Clerk's office and the transcriptions attached in the pages 79/82, which also consist of the contact between the witness and the accused.--------------------------------------------------

As for the Méndez Pabón's account, she came to confirm what has been indicated by **Romero Novoa**, not only as for the accused's presence in her domicile, but also regarding the fact that the accused approached her with sexual intentions. Then, Claudia was told by her friend, **Romero Novoa**, that **URDANETA LEÓN** came into her room and, also, told her all the attack she suffered, explained by the

EXT - Urdaneta000077

6

victim the same way she explained it in the criminal complaint, that made the process be initiated, and in the procedural acts in which the victim participated.- -------------------------------------------------------------------------

Claudia also mentioned the contact she had with the accused, who said he did not remember what had happened, something she did not believe because the accused was in perfect conditions to reproduce what has happened inside her own room (episode for which the witness had decided not to start a criminal action), considering that "selective memory" strange.------------------------------------------

Now, as for the mode, time and place specified by **Romero Novoa**, it cannot be discussed the fact that the accused was inside her domicile, something that, although the victim invited him, both Méndez Pabón and the accused, confirmed. In the frame of his deposition, the accused mentioned that the sexual contact with her happened in an intimate context, under the victim's consent and, in a way, also incited by her. -------------------------------------------------------------------------

That justification, as for the consent of the victim to have sexual intimation, told by **URDANETA LEÓN**, is not supported in this case which means that it cannot continue to be valid, first, because **Romero Novoa** denied it and, also, because of the different proves already indicated and to be indicated hereinbelow, reasons why it is considered that the accused sexually attcked her. ------------------------------

As for the accused's deposition, it is not understandable why **URDANETA LEÓN** immediately after the event, told Méndez Pabón that he did not remember what had happened with her friend, **Romero Novoa**, when he actually could tell in a harmonious way that the victim and he had both decided to kiss each other and to have intimate contact. - -----------------------------------------------------------------

Going back to the mentioned proves, without prejudice of the fact that there exist no reasons to unbelieve the account by **Romero Novoa**, and as for the suffered aggression and the opposition in the sexual intentions told by **URDANETA LEÓN**, the opinions reached by the professionals at the **Forensic Medical Body of the Argentine Justice**, who had contact with her – José Martínez Ferretti, Medical doctor, and Ariana García (reports of whom appear in the **pages 29/31 and 35/8**), consolidated the victim's solid account due to the fact that, apart from the victim, one more time, the professionals reproduced details of the sexual approach and described what it consisted of. The objective evaluation by the professionals results to be essential in these types of procedures due to the fact that they are specialized people and are capable of differentiating the credibility and the mendacity in a testimony and, also, due to the research of all that appearing in the account.------------------------------------------------------------------

It is important to mention that Mr. Martínez Ferretti, Medical Doctor, in a framework of an individual psychical exam, apart from the fact of dismissing particularities in the young girl (she was aware of time and space and of the environment and of her own person, she showed neither symptoms of

EXT - Urdaneta000078

psychotic or dementia alterations nor acute psychotic decompensation. Her mental capacities are normal from the psycho-juridical point of view), he left a relevant matter in evidence, and this is: "in a volitional frame, she shows an unpleasant mood, reactive when there are facts like the ones that are being investigated, and this mood itself manifests every time she was talking about this subject", something that made the Doctor conclude that **Romero Novoa** shows a signal of a symptomatology which is <u>**compatible with a lived reaction related to the facts that are being investigated**</u>"", recommending "an interdisciplinary approach in Mental Health in an ambulatory way"------------------------------------------------

As for García, professional, she mentioned the same than her college and that there were **NO** elements that could indicate the victim had a personality who could distort the reality, fabulate or collude with somebody. As for the account itself, she said that the victim's account "has a logical structure of a unstructured elaboration that is framed in expectable time coordinates, including details and mentioning fragments of conversations and interactions with the accused", detecting "harmony between the account and the content of her discourse, evidencing…accurate affective resonance, manifestation of upset and reactive anxiety, fear and distrust", making the conclusion that **Romero Novoa "shows a conflictive emotion compatible with sexual victimization"**, recommending, like her college, the application of a therapeutic treatment.------------------------------------------------------------------------------------------------

This way, the objective evaluations to which the victim was submitted only give solidity to the victim's account and, as it can be noted, after the recommendation of a psychotherapy, it is obvious that she suffered a post-traumatic stress arising from the episode she suffered.----------------------------------------

It is important to mention that the foregoing is typical in these type of cases plus the fact that the accused did not manifest anything that could make the victim's account sound false (dismissed for this case) even though, the courts of the Argentine Republic, in accordance with the judicial platform (**Argentine Law N°26.485**, which includes, as violence against a woman, the sexual one – **section 5, subsection 3°**) establish there exists a **criteria of probatory extension**, considering the special circumstances in which these kinds of acts tent to happen, like an intimate environment.--------------------

In that sense, and as for cases with this nature, the Superior of grade has expressed (Argentine Chamber in Criminal and Correctional Matters, Room V, case 4893/2012, "R.C.M. about sexual abuse" resolution: 9/27/2018): **"When evaluating these proves, the intimate context in which these facts took place, is taken into account and, it is also considered that there's a difficulty to get direct evidence, because of which the version told by the victim is a specially valuable contribution if the psychological and psychiatric exams show that the victim's account is true"** (in accordance with the doctrine that arise from the precedent case n° 6755/2013 "R.E.M., resolution: 8/9/2013 and the case n° P.C.E., resolution:

11/9/11 at the Room VI; A.C.D., resolution: 12/13/12 at the Room III at the Federal Chamber in Criminal Matters" ) ------------------------------------------------------------------------------------------------------------------------

       The Honorable Argentine Chamber of Appeals with Jurisdiction Over Criminal and Correctional Matters, held: "When the elements of the proof are exactly similar, the case could be refuted". Upon proven the truth of the testimony given by the victim, and if there are also witnesses' declarations which could show that the victim has been emotionally affected or is suffering changes in her behavior, a typical characteristic of a person who has suffered a similar experience, and, if the victim is not a fabricator, it results to reunite elements that, evaluated in an integrated way, are enough evidence of a crime. Definitively, in crimes against the sexual freedom, when evaluating the evidence in accordance with the sane critic, the courts must adopt a wider and more flexible criteria. If, besides that, the judges still have doubts about the facts or about the authority of the accused, the presumption of innocence and the application of *in dubio pro reo* shall be primary, situation that is not presented in this case (vote by the Judge Morin)...in relation with the situation of the accused and with the reunited evidence in sexual abuse cases, in which for their special circumstances there are no witnesses apart from the victims, the evidence shall be "valorized from its integrity", that is to say, "considering their mutual relationships and how they help each other or how they stop doing it"; and, on an international level, the probatory standard for situations of sexual abuse is constituted from the victim's declaration, if she has survived; that, logically, without either going forward the limitations of the rational sane critic, set by the laws of logic and the psychology and experience and or without not knowing the constitutional principle of innocence (vote by the Judge Niño). Quote: "Case Villagrán Morales and others", Interamerican Court of Human Rights, judgment on November 19th, 1999, Series C, N°63, paragraph 232..." (Morin, Niño, Sarrabayrouse (Sec.: Gorsd), case L. N. P. about/ sexual abuse aggravated by the relationship", 9/5/17, c. 20.038/14., Argentine Chamber with Jurisdiction over Criminal and Correctional Matters, Room II).- ------------------------------------------------------------------------------------------------

       As a consequence, understanding that the elements collected for the investigation confirm the criminal hypothesis, which is the basement of the procedure, the case for the procedure is, in effect, considered to be in accordance with the law, regarding the fact due to which URDANETA LEÓN could be the object of the section 294 of the Argentine Criminal Code of Procedure, with the purpose of making this case move to the next stage.- ------------------------------------------------------------------------------------------------

       Finally, about the crime, it is important to mention that it does not require any affirmation as for the performance, authority and criminal responsibility, but probability (Francisco J. D'Albora, "Argentine Criminal Code of Procedure), pages 528 and the following pages, Abeledo Perrot, Buenos Aires,

2009), whereas "…when a process is ordered, only a judgment of probability is made where the affirmative elements must be frankly superior to the negative ones". That is to say, neither definite, nor confronted, but enough to produce probability and orientate the process towards accusation" (Argentine Chamber with Jurisdiction over Criminal and Correctional Matters, case 19665, "ALMADA, Ramon B. s/procedure", answer: 02/14/03).---------------------------------------------------------------

It is essential to say what **Clariá Olmedo** has said as for "…it is about the valorization of probatory elements that are enough to produce probability, neither definite nor confronted, but that are useful to orientate the process towards the accusation until the basis of the trial…" (cfr. "Criminal Law of Procedure" year 1984, Book II, page 612, Ed. Marcos Lerner).---------------------------------------------

In the same way, **Maier** explained "…If conventionally, we call positive certainty or positive probability to that that affirms the accused fact (its determining elements) and, on the opposite, negative certainty or negative probability to that which implies the accused fact is negative…it is correct to affirm that only the positive certainty allows to punish and that the other states of the judge as for the truth refer to the absolution, as a consequence of *in dubio pro reo*. It is essential to mention, although, that that happens in the judgment because, during the proceeding, some acts and intermediate decisions need only a judge of a minor grade: for instance, the decision that authorizes the preventive prison (order of committal to trial, order of provisional description of the facts or order of preventive prison, according to the different codes) only claims the so called positive probability about the accusation; the stay seems to arise, at first from the negative certainty and to admit, even, the negative probability or the doubt once the investigation finished, for this reason, instead, the positive probability is the basis of the progress of the criminal persecution and, due to that, the accusation and the referral to judgment are enough…" (cfr. Criminal Law of Procedure, Book I, "Fundamentals", *Editores del Puerto SRL* [Limited Liability Company], year 1999, page 496).-----------------

Regarding **Vélez Mariconde**, through the order of committal to trial, it is intended to authorize the trial considering that "the oral procedure is infinitely superior to the written document because it secures, in a maximum grade, the immediacy, that is to say, a direct and simultaneous contact with the procedural subjects with the evidence on which the full discussion of the parties and the definite decision of the judge should base…the immediacy is a logical principle that should be primary as much as possible, the orality is the manner or the procedure of the investigation that allows to make a better immediacy, because the spoken word is the natural and original manifestation of the human thinking and the written manner is a kind of not original or mediate expression of it due to the fact that when the second one is admitted, the written document intervenes between the element of evidence (for

example, testimony) and the judge (judgment) that has to value it..." (vid. "Criminal Law of Procedure, 3°edition, 2° reprinting, updated by the attorneys at law Mr Manuel N Ayan and José I Cafferata Nores, t. I, page 419, Marcos Lerner Editora,, Córdoba, 1986").------------------------------------------------------

V) LEGAL CATEGORY.- ------------------------------------------------------------------------------------

At this point, I understand that the act, subject of judgment, against **René Alberto URDANETA LEÓN**, as the author, is a **crime of sexual abuse, with carnal access**, set and reprimed in the **section 119, third paragraph, of the Argentine Criminal Code, according to the amendment of the Argentine Law 27.352.**------------------------------------------------------------------------------------------------

About the category of the crime, that is supported on the fact that the sexual abuse by the accused to the victim has been confirmed, which was translated into touching different parts of her body and, particularly, the introduction of his fingers into the vaginal cavity of the victim, the action is set as sexual abuse with carnal access and for which the accused used his physical force on **Romero Novoa**, aimed to commit the aggression.- -------------------------------------------------------------------------

Regarding that, it has to be recognized the fact that the amendment that started to be valid from the sanction of the **Argentine Law 27.352**, which modified such regulation, came to settle the controversial phrase **"carnal access"** and its debate in the doctrine, extending that concept, to the performance of acts that are similar to the penis penetration, through the introduction of objects or parts of the body for any of the anal or vaginal vias of the victim – that until then, it was understood as an important sexual abuse- including, this way, objects like poles, bottles, vibrators and any other instruments or, parts of the body, like fingers, tongues, etc.- ------------------------------------------------

Thus, the foregoing is explained on the publication titled **"the amendment of the section 119 by the Argentine Law 27.352. Change of Paradigm"** (by Rubén Enrique Figari, on June 21st, 2017, on the website www.saij.gob.ar, argentine system of legal information ID SAIJ: DACF170278)... **"According to the parliamentary records, the deputy** Cafferata Nores expressed **"there exist situations that are not contemplated by the valid legislation. Situations of serious levels that end in penetration and the use of other instruments that are not the male sexual organ, shall be regulated so that all the social demands on this topic could be faced...The formula incorporated intends to compensate contents that are not in the Valid Argentine Criminal Code, through an expression that makes highly damaging conducts more serious for the victim, in consideration with the fundamentals of the project, according to** Laje Anaya-Gavier, **the guy's destination was to perform the sexual abuse with carnal access as it arises from many parts of the test. In effect, the performance of the action is more extensive that in the valid Code",** they said, due to the fact that it allows to call rape as all types of penetration including

cases like *la fellatio in ore* and the oral penetration, serious situations that do not conclude in the penetration like *cunnin lingus*, the use of other instruments that are not the male sexual organ, the violent and long submit that does not end in the penetration. The tradition and the biological opportunity have given to the vaginal violation a main place as a crime, but the invasion may occur through the mouth, the annus, or through other acts that can be similarity serious for the sexual integrity of the victim, and, even though the penis is still the favorite tool of the rappers, it is not, in fact, their only one if we consider that poles, bottles and fingers are sometimes replacements. So, you may ask: Who can say that the humiliation suffered by the anal or oral penetration is a smaller violation of the intimate or private spaces, a smaller damage to the mind, the spirit, the self-sense of the victim? All these forced acts shall be treated as similar serious crimes from the Law's perspective, due to the fact that the via of penetration is less important than the degradation, to the effect of the damage of the legal good to be protected. --------------------------------------------------------------------------------

## VI) ABOUT FREEDOM: --------------------------------------------------------------------------------

At this point, even when the court established the punishment for the crime committed by **URDANETA LEÓN**, there no exist, at least at this moment, objectives that allow to check the procedural risks set in the **sections 280 and 319** of the Code **(about the scape and the interference of the Justice's acting,** CIDH report n° 2/97, part 28 "danger of scape" and in accordance with 1/08 – plenary n° 13 – of the Argentine Chamber of Criminal Cassation "Díaz Bessone, Ramón Genaro about the resource of non-application of the law", answer 10/30/10), from which the current parameters arise, which deserve the a process with a measure of imprisonment.--------------------------------------------------------------

In that sense, it is considered, apart from the absence of the accused's criminal records (according to **pages 65 and 85**), the situation that, when the court called the accused, which appears in the page **39**, he appeared before this court as to comply with the declaratory investigation, appointed his defense counsel, and gave his real domicile, until that moment unknown, personal information he extended when he had to defend himself.--------------------------------------------------------------------------------

As for the obstacles of the investigation, there are no pending procedures that could obstruct this case.- --------------------------------------------------------------------------------

Finally, it is well worth to remember that the privation to freedom is not a cautionary measure that exclusively tends to secure the appearance of the accused in the trial or for any reason that he could be required. That is why, his right to stay free can only stop in exceptional cases, when there existed special, concrete and clear cases that make understand that the accused is willing to try to escape from the justice's decisions (Ruling: 320:2105, 316:942, 319:2325, etc.).--------------------------------------------------

12

As a consequence, the freedom he is having shall be confirmed (**section 310 of the Argentine Criminal Code of Procedure**).-

**VII) SEIZURE.**------------------------------------------------------------------------------------------------

According to the **section 518 of the Argentine Criminal Procedure**, together with the order of committal to trial, it corresponds to apply a seizure on the goods of the accused. - ------------------------------

**"The seizure is aimed at, in the first place, individualizing the debtor's goods and keeping them"** to guarantee the credit of their creditors, thus, giving them what has been named "position of pre-eminence", which authorizes them to present a request to the judge so that all the concrete guaranty be not reduced (vid. Fenochietto/Arazi, "Argentine Civil and Commercial Code of Procedure", page 612 – comment on the section).- -------------------------------------------------------------------------------

In this context, I understand that the sum at which I will arrive, will have its attention on the legal nature of the amount, according to what has been said and, as a consequence, it is essential to give importance to the damage caused to the victim, the cost that the psychological treatment indicated by the professionals at the **Forensic Medical Body**, who have evaluated her, could imply, a possible economic claim by the victim and, also, the legal fees, in accordance with the text of the **section 533** of the Code, as for the justice taxes and other expenses that could arise from the process of the case.- ----------------------

This way, based on the proves of the investigation, the considerations effected through the case, the doctrine, jurisprudence and the quoted legal regulations, I understand that the foregoing results accurate in accordance with the Law, so, I----------------------------------------------------------------------

**RESOLVE:** -----------------------------------------------------------------------------------------

**I) TO ORDER A COMMITTAL TO TRIAL WITHOUT A PRE-TRIAL IMPRISONMENT** for RENÉ ALBERTO URDANETA LEÓN, about the other conditions and personal circumstances mentioned hereinbefore, in the case **cause n° 36571/2019** recorded at the Clerk's Office N° 110 of the Court under my charge, due to the fact of considering him *"prima facie"* **author**, fully responsible of **the crime of sexual abuse, with carnal access (sections 45 and 119, third paragraph, Argentine Criminal Code, according to the amendment of the Argentine Law 27.352 and the sections 396, 308, 310 and the following sections of the Argentine Criminal Code of Procedure).-** -------------------------------------------------------------

**II)** TO SEIZE the money and/or the goods of the accused as to get the sum of **one hundred Thousand Argentine Pesos ($100,000)**, measure to be applied by the Justice Official and/or the Court's Clerk (**section 518 of the Code**).-----------------------------------------------------------------------

Be notified. Be the electronic notices sent to the parties and be the victim notified by phone about the **Argentine Law 27.372.**---------------------------------------------------------------------

EXT - Urdaneta000084

13

Promptly, be the obligatory communications carried out and be the Bolivarian Republic of Venezuela's Consulate be notified about this.- -------------------------------------------------------------------

ALEJANDRA M. ALLIAUD, JUDGE -------------------------------------------------------------------------------------

Before me: MARÍA CECILIA PERZAN, COURT'S CLERK-------------------------------------------------------

The foregoing was complied with.- I STAMP MY SEAL AND SIGN.- -------------------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK----------------------------------------------------------------------

Buenos Aires, August 12th, 2019.--------------------------------------------------------------------------------

      AND SEEN: ------------------------------------------------------------------------------------------------

      The defense counsel of René Alberto Urdaneta appealed the order of committal to trial which appears in the pages 87/95 and, in the hearing carried out, Ms. Viviana Paoloni, based the damage on the elements presented in the pages 97/99. -------------------------------------------------------------------------

      The court considers that the arguments of the accused must be dismissed.--------------------------

      In effect, what the Luisana Romero Novoa has exposed (pages 1 and 22/24) has been checked in accordance with the report by the Mobile Agency of Assistance to Sexual Violence Victims (pages 10/12), obtained on the same day on which the fact charged on the accused occurred.-----------------------

      Apart from the account by the victim, in which she mentioned that Urdaneta came into the room without previous notice, pushed her against the closet, touched her breasts, her vagina, her gluteus, unbuttoned her pants and introduced his fingers into her vagina, although she tried to stop him many times, the intervenient psychologist expressed that Romero Novoa showed herself visibly upset due to the episode she had gone through and she was committed to the judicial process already initiated (page 12), which allows to dismiss any hostility by the victim and, also, they supported her account.-------------

      Apart from that, we have the report made by the Argentine Forensic Medical Body, who concluded that the victim evidenced a signal-symptomatology compatible with a evidential reaction truly related to the facts that are being investigated (pages 29/31).- -----------------------------------------------

      In the same way, we have the expert study that analyzed a similar discourse, which resulted to be fluent, with an affective resonance compatible with the treated topics, without signs of an increase of a confabulated idea or with a tendency to distort the reality (pages 35/38).- -------------------------------------

      The accusation was reinforced through the accounts by Claudia Virginia Méndez Pabón, who referred to the fact that, previous to the episode who damaged Romero Novoa, the accused came into her room and tried to kiss her in three opportunities, but when Méndez Pabón opposed to that, he left. She also said that she got to know about the victim's account and that she sent a WhatsApp message to

14

the accused reproaching him his actions, who said that he did not remember any of that but "that if anything offended Romero Novoa, he said sorry, because it was not his intention" (pages 26/27). ---------

Finally, we have the transcription of the conversation between the damaged victim with the witness about the accused touching the victim –"he started touching and kissing me…I pushed and hit him and the guy did not stop…he put his hand under there, started touching me…he was hurting me, it hurt…I was pushing him, if I hadn't hit him, the guy would have raped me there"- (pages 79/80).- ------------------

As a consequence, the evaluated proves allow to unbelieve the offered version by the accused as for the details he gave about the fact that the victim invited him to her room, that both kissed under her consent and that when Romero Novoa said she did not want to continue, he left the place (pages 52/53 and 57), a different account from that of the victim and that of Méndez Pabón, to whom the accused said he did not remember what happened that night. The lack of physical damages on the victim do not neutralize her accusation, based on the elements that were gotten.- ---------------------------------------

Thus, the Court RESOLVES:------------------------------------------------------------------------------

TO CONFIRM the resolution ordered in the pages 87/95, which was a subject of resource. ---------

Be it notified and given back.----------------------------------------------------------------------------

Be the foregoing as a respectful note of reference. -----------------------------------------------------

Mariano A. Scotto -----------------------------------------------------------------------------------------------

Juan Esteban Cicciaro-------------------------------------------------------------------------------------------

Mauro A. Divito --------------------------------------------------------------------------------------------------

Before me: María Verónica Franco -----------------------------------------------------------------------------

Buenos Aires, September 26th, 2019.----------------------------------------------------------------------------

Be the foregoing received, be the foregoing added to the result sent by the **Neighborhood Precinct 2 A**, be the foregoing considered and be the foregoing referred to the office to be solved.-**P.R.S.** SILVIA NORA RAMOND, JUDGE-------------------------------------------------------------------------------------

Before me: MARÍA CECILIA PERZAN, COURT'S CLERK-------------------------------------------------------

The foregoing was complied with on this date. I STAMP MY SEAL AND SIGNED.- ----------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK----------------------------------------------------------------------

Buenos Aires, September 26th, 2019.----------------------------------------------------------------------------

WHEREAS: ------------------------------------------------------------------------------------------------------

Regarding the **case N° 36571/2019** of the record of the Clerk's office N°110 of this Court under my charge and, the procedural situation of **René Alberto URDANETA LEÓN** - holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726 and of the

Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor,  apartment 7, in the City of Buenos Aires, Argentine Republic, stablished at the **Official Public Advocate's N°23, under Nicolás Laino, Attorney at law,** who exercises the accused's defense.-;---

AND CONSIDERING: -------------------------------------------------------------------------------------

That, due to the fact that the case needs to be taken to court, against the **accused RENÉ ALBERTO URDANETA,** on the plaintiff's request, represented on the case by Mr. Carlos E. Clavo, Attorney at Law – on the victim's behalf, Luisana Romero Novoa- and Ms. Assistant Prosecutor, Ms. Estela Verdiglione, Attorney at Law, the accused was called by the Court to appear within the third day from the reception day of the notice, with the aim of having a social interview and being intimated, according to the corresponding order of seizure **(pages 118/21 and 131/5).** That was complemented by that in the pages **137, second paragraph,** occasion in which, after the reports of the **Official Public Attorney At Law's Office N°23,** without opposition to taking the case to court, and without exceptions **(pages 136),** he was intimated, again, to appear and it was ordered, also, in this occasion, the creation of a report set on the **section 78 of the Argentine Criminal Code of Procedure (pages 137).-** ---------------------------------------------

To these effects, the notice was sent to his defense counsel's address, which appears documented in the page **139,** it was sought the contact with the accused on the phone given as personal in his declaration **(Line N° 156-437-6943 pages 39 and 52)** and on which he did not answer, so a message was left (according to the note in the **page 137)** and a citation was issued to his real domicile, located at Avenida Santa Fe 2190, 2nd floor, apartment 7, in the City of Buenos Aires, also reported as personal by the accused **(page 39 and 52),** which was also confirmed by the **Neighborhood Precinct 2 (Precinct 19 of the Police of the City),** which was empty, with the exception of *Noemí Pereira,* the person in charge of the building (see **page 138 and 140/2).-** -----------------------------------------------------------------------------

Having this scene, he was intimated again, at the domicile constituted in the procedure, through an electronic notice, warning him to appear within 24 hours upon notice, or, a detention order was going to be issued in case of a not justified absence, which appears in the **pages 143 and 145.** Before that, he was called again, without success. At the same time other measures were ordered, it was checked the domicile appearing in his Argentine Identification (Avenida Santa Fe 3373, floor 7°C, of the City of Buenos Aires, in accordance with **page 51)** and which could be his labor domicile – informed in his act of material defense as the branch of gastronomy **"La Argentina",** located at Uriburu **page 52-** which **resulted to be,** according to the investigations practiced by the court, a commercial place of candy shop and bakery,

EXT - Urdaneta000087

located at Presidente José Evaristo Uriburu 1502, in the City of Buenos Aires-. Regarding the foregoing, the police units acting for this case **(Neighborhood Precinct 14 and 2A),** have informed that **URDANETA LEÓN** was not found. At the first domicile, the first police staff had a conversation with Carlos, who said that he was the accused's cousin and who also said that he was not living there since one year ago, having no contact with him nowadays, due to which, he could give no information about his residency place **(page 146)**. Meanwhile, in that store, Karol Fernández was interviewed, and said that the accused was not working there anymore, since six months ago **(page 149).**-------------------------------------------------------------

As it is warned in the chronology of the case, **URDANETA LEÓN** has moved his place of residency without giving notice to the Court, he did not even answer calls on the phone he himself provided as personal and on which he was contacted the first times during the investigation stage, and he has not appeared although the terms of the intimation were noticed to his defense counsel and which corresponds to that given domicile as procedural for this case.--------------------------------------------

There are no doubts, then, about the intention of the accused of getting away from the case, which substantially modifies the criteria set in the **page 94** plus the punishment set for the crime he committed **(section 119, third paragraph of the Argentine Criminal Code, in accordance with the amendment of the Argentine Law N° 27.352).**-------------------------------------------------

That justifies the validity of the warning in the page **142** and the fact of proceeding in the way set in the **sections 288, 289 and the following ones of the Argentine Criminal Code of Procedure**, due to which, I: --------------------------------------------------------------------------------------------------------

**RESOLVE:** -------------------------------------------------------------------------------------------

**I) TO DECLARE RENÉ ALBERTO URDANETA LEÓN IN DEFAULT** about the other personal conditions appearing in the case, in this case **number 36571/2019** of the record of the Clerk's Office 110 at the Court under my charge and **TO ISSUE A DETENTION ORDER** against him, setting that, he shall be translated to the **Unit 28 of the Argentine Federal Penitentiary Service**, on the Court's disposal. This shall be considered **communicated**, referring to the dactyloscopies, photographic views, list of antecedents and the content of the **sections 26 and 41 of the Argentine Criminal Code** (sections 288, 289 and the following ones of the **Argentine Criminal Code of Procedure**).- ---------------------------------------

**II) TO GRANT INTERVENTION** to **Mr. Chief of the Crimes Division against the Police in the City of buenos Aires**, aimed to the performance of tasks which help get the fugitive.------------------------------------

Be the foregoing notified to the parties through electronic notices, be the communications effected by law and be the international request issued in accordance with the item II of paragraph.- **P.R.S.** SILVIA NORA RAMOND, JUDGE-------------------------------------------------------------------------------

Before me: MARÍA CECILIA PERZAN, COURT'S CLERK----------------------------------------------------

The foregoing was complied with on this date.- I HEREBY STAMP MY SEAL ---------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK----------------------------------------------------

### COMMUNICATION ABOUT DEFAULT AND DETENTION ORDER---------------------------------

Buenos Aires, September 26th, 2019 ------------------------------------------------------------------

**To Mr. Chief of the Argentine Federal Police**---------------------------------------------

I have the pleasure to write you, acting as the Judge, in charge of the Argentine Criminal and Correctional Court N°3 (located in Talcahuano 550, office 5079, in the City of Buenos Aires, phone N° 4372-4679, mail: jninstruccion3.sec110@pjn.gov.ar), related to the **case N° 36571/2019**, titled **"URDANETA LEÓN RENÉ ALBERTO ABOUR SEXUAL ABUSE. Damaged: Romero Novoa Luisana"**, as to let you know on this date that the **citizen RENÉ ALBERTO URDANETA LEÓN** – accused in the mentioned procedure, holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726 and of the Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor,  apartment 7, in the City of Buenos Aires, Argentine Republic, has been **declared IN DEFAULT**, shall be translated to the **Unit 28 of the Argentine Federal Penitentiary Service**, on the Court's disposal. This shall be considered **communicated**, referring to the dactyloscopies, photographic views, list of antecedents and the content of the **sections 26 and 41 of the Argentine Criminal Code** (sections 288, 289 and the following ones of the **Argentine Criminal Code of Procedure**).- ------------------

Your Respectfully,- ------------------------------------------------------------------------------------

SILVIA NORA RAMOND, JUDGE --------------------------------------------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK----------------------------------------------------

### COMMUNICATION OF DEFAULT AND DETENTION ORDER ----------------------------------

Buenos Aires, September 26th, 2019 ------------------------------------------------------------------

**To Mr. Director of the Argentine Registry of Recidivism**----------------------------------------

I have the pleasure to write you, acting as the Judge, in charge of the Argentine Criminal and Correctional Court N°3 (located in Talcahuano 550, office 5079, in the City of Buenos Aires, phone N° 4372-4679, mail: jninstruccion3.sec110@pjn.gov.ar), related to the **case N° 36571/2019**, titled **"URDANETA LEÓN RENÉ ALBERTO ABOUR SEXUAL ABUSE. Damaged: Romero Novoa Luisana"**, as to let you know on this date that the **citizen RENÉ ALBERTO URDANETA LEÓN** – accused in the mentioned procedure, holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726

and of the Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor, apartment 7, in the City of Buenos Aires, Argentine Republic, has been **declared IN DEFAULT**, establishing that, he shall be translated to the **Unit 28 of the Argentine Federal Penitentiary Service**, on the Court's disposal. This shall be considered **communicated**, referring to the dactyloscopies, photographic views, list of antecedents and the content of the **sections 26 and 41 of the Argentine Criminal Code** (sections 288, 289 and the following ones of the **Argentine Criminal Code of Procedure**).-

Your Respectfully,- -------------------------------------------------------------------------------------------------

SILVIA NORA RAMOND, JUDGE------------------------------------------------------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK---------------------------------------------------------------------

**GRANT INTERVENTION TO GET THE FUGITIVE** -------------------------------------------------------

Buenos Aires, September 26th, 2019 --------------------------------------------------------------------------

To Mr. **Chief of the Crimes Division against the Police of the City of Buenos Aires**---------------

I have the pleasure to write you, acting as the Judge, in charge of the Argentine Criminal and Correctional Court N°3 (located in Talcahuano 550, office 5079, in the City of Buenos Aires, phone N° 4372-4679, mail: jininstruccion3.sec110@pjn.gov.ar), related to the **case N° 36571/2019**, titled **"URDANETA LEÓN RENÉ ALBERTO ABOUR SEXUAL ABUSE. Damaged: Romero Novoa Luisana"**, as to let you know on this date that the **citizen RENÉ ALBERTO URDANETA LEÓN** – accused in the mentioned procedure, holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726 and of the Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor, apartment 7, in the City of Buenos Aires, Argentine Republic, has been **declared IN DEFAULT**, establishing that, he shall be translated to the **Unit 28 of the Argentine Federal Penitentiary Service**, on the Court's disposal. This shall be considered **communicated**, referring to the dactyloscopies, photographic views, list of antecedents and the content of the **sections 26 and 41 of the Argentine Criminal Code** (sections 288, 289 and the following ones of the **Argentine Criminal Code of Procedure**).-

Your Respectfully,- ------------------------------------------------------------------------------------------------

SILVIA NORA RAMOND, JUDGE------------------------------------------------------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK---------------------------------------------------------------------

For that reason, the intervention is granted to that unit as to perform the tasks tending to get the fugitive, information of which has been given before, saying that, according to the actions concreted, at the domicile that appears in his license – Avenida Santa Fe 3373, floor 7C, in this City-, the police staff was received by his cousin, Carlos, who confirmed he did not have any contact with him nowadays and that he did not know his current domicile. The police staff also went to the sweet store and bakery, called **"La Argentina"**, located at Presidente José Evaristo Uriburu 1502 in the City of Buenos Aires, when the person in charge of the building, Karol Fernández, said that the accused did not work there anymore since six months ago. Finally, the accused could be contacted by the Court on the phone number **156-437-6943**, that also he reported as personal in his declaration.- ------------------------------------------------------------------------

Lastly, I mention that on July 1st, in this year, this Court **ORDERED THE COMMITTAL TO TRIAL WITHOUT PRETRIAL IMPRISONMENT OF URDANETA LEÓN**, considering him a *"prima facie"* **author**, criminally responsible of the **crime of sexual abuse with carnal access (sections 45 and 119, third paragraph, of the Criminal Code, according to the amendment of the Argentine Law 27.352 and the sections 306, 308, 310 and the following ones of the Criminal Code of Procedure)** and that, when the plaintiff required the case be taken to court, (on 26/8/2019) **the prohibition on leaving the country** for the accused was ordered.- ------------------------------------------------------------------------

Yours Respectfully, ------------------------------------------------------------------------------------------------

SILVIA NORA RAMOND, JUDGE --------------------------------------------------------------------------------

Buenos Aires, December 16th, 2019 ----------------------------------------------------------------------------

Upon receipt, be this presentation made by the plaintiff against the fugitive added to the case and take into account that: --------------------------------------------------------------------------------------------

consider that the detention order against the fugitive RENÉ ALBERTO URDANETA LEÓN appearing in the pages 151/2 and that he left the Argentine Republic, it corresponds to request **MAKING HIS CAPTURE EXTENSIVE on the international level**, which has been already **decided**. As a consequence, be **Mr. Chief of the Interpol Department of the Argentine Federal Police – Extraditions Section –** notified about this including, also, the relevant circumstances of the case. Be this notified by electronic notices.-

Be the extradition of copies authorized, on the plaintiff's request and under proof of delivery of the case- **P.R.S.** -----------------------------------------------------------------------------------------

MARIANO ITURRALDE, JUDGE ----------------------------------------------------------------------------------

Before me: MARÍA CECILIA PERZAN, COURT'S CLERK----------------------------------------------------------------

The foregoing was complied with on this date.- I STAMP MY SEAL. -------------------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK-----------------------------------------------------------------------------

**INTERNATIONAL ARREST WARRANT** ----------------------------------------------------------------

Buenos Aires, December 16th, 2019 ---------------------------------------------------------------

**To Mr. Chief of the Interpol Department of the Argentine Federal Police – Extraditions Area -** -----------

I have the pleasure to write to you, acting as the Judge, in charge of the Argentine Criminal and Correctional Court N°3 (located in Talcahuano 550, office 5079, in the City of Buenos Aires, phone N° 4372-4679, mail: jninstruccion3.sec110@pjn.gov.ar), related to the **case N° 36571/2019**, titled **"URDANETA LEÓN RENÉ ALBERTO ABOUR SEXUAL ABUSE. Damaged: Romero Novoa Luisana"**, as to let you know on this date, that it has been decided to **MAKE THE INTERNATIONAL ARREST WARRANT EXTENSIVE ON AN INTERNATIONAL LEVEL of the citizen RENÉ ALBERTO URDANETTA LEÓN**, holder of the Venezuelan Identity Number 18.286.726 and of the Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor,  apartment 7, in the City of Buenos Aires, Argentine Republic, who is under a **valid detention order** issued by this court on September 26th, 2019, to the effect of being subjected to a process.- ----------------------------------------------------------------------

As it may correspond, on July 1st, 2019, the fugitive has been prosecuted in relation with the **crime of sexual abuse, with carnal access (section 119, third paragraph, of the Criminal Code according to the amendment of the Argentine Law 27.352)- scale of which goes from 6 to 15 years of reclusion or prison-,** in relation to the fact that occurred on May 23rd on this date, around 4am, in the City of Buenos Aires, Argentine Republic, detrimental to **Luisana Romero Novoa**. That serious behavior was confirmed by the members of the **Room VII of the Argentine Chamber of Appeals with Jurisdiction over Criminal and Correctional Matters** on August 12th and, due to the fact that it was required to take the case to court, by the particular and public accusers, the accused was intimated to appear, finally defining that he left the Argentine territory, through the Ezeiza Airport on August 21st, with destination to our neighboring country, Perú.- ---------------------------------------------------------------------------------

Your Respectfully, ----------------------------------------------------------------------------------------

MARIANITO ITURRALDE, JUDGE--------------------------------------------------------------------------

MARÍA CECILIA PERZAN, COURT'S CLERK-------------------------------------------------------------

[There appears a badge under which it reads:] Argentine Public Attorney General's Office, -----------------

[There appears an illegible signature under which it reads:] ESTELA M. VERDIGLIONE, ASSISTANT PROSECUTOR-----------------------------------------------------------------------------------------

[There appears another illegible signature under which it reads:] DIEGO [Illegible], CLERK--------------------

**REQUIREMENT TO TAKE THE CASE TO COURT** ------------------------------------------------------------

**MR. JUDGE:** ----------------------------------------------------------------------------------------------------------

      Acting in my capacity as the Assistant Prosecutor at the Argentine Prosecutor's Office with Jurisdiction over Criminal and Correctional Matters N°27, I am writing to you, in accordance with the section 346 of the Argentine Criminal Code of Procedure, as to request you to close the preliminary investigation stage for the case CCC N°36571/2019, assigned to the Argentine Court with Jurisdiction over Criminal and Commercial Matters, N°3, Clerk's Office N°110 and take the case to court as to allow the judgment of the conduct that I hereinbelow will describe: ---------------------------------------------------------

      **I) ACCUSED:** -------------------------------------------------------------------------------------------------

      The accused for this case is RENÉ ALBERTO URDANETA LEÓN, - holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726 and of the Venezuelan Passport N° 145215750, Venezuelan, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor, apartment 7, in the City of Buenos Aires, Argentine Republic, with the phone number 11-6437-6943. ------------------------------------------------------------------------------------------------------

      The accused is identified at the Argentine Registry of Recidivism and Criminal Statistics through the record N°04115496 (page 60) and before the Argentine Federal police under the book series AGE 250744 (page 86). ------------------------------------------------------------------------------------------------------

      His technical defense is under the direction of Mr. Martin Miguel Plastina, Attorney at Law, Public Attorney, co-assistant at the Official Public Attorney's Office with Jurisdiction over Criminal and Correctional N°23, who established as his domicile, together with his accused, the street Cerrito 536, 13th floor, in this city. ---------------------------------------------------------------------------------------------------

      **II. FACT:** -------------------------------------------------------------------------------------------------------

      I hereby accuse RENÉ ALBERTO URDANETA LEÓN of having sexually abused Luisana Romero Novoa, touching her vagina, her breasts and her gluteus, on her clothes and, then, putting one of his hands under her panties, introducing his fingers into her vagina. ---------------------------------------------------------------

That occurred on May 23rd, 2019, after 4am, inside her domiciled located at Acevedo 421, 7th floor, City of Buenos Aires.- -------------------------------------------------------------------------------------------------

      That night, for Claudia Virginia Méndez Pabón's birthday, friend of the victim, they met the accused and his cousin at the bar, so that the four of them went to the victim's house.- -----------------------

Ro
Tri
Mat
Insc

arian
Inglés
ap. Fed.
N.° 7970

There, after sharing some drinks, URDANETA LEÓN entered Romero Novoa's room, while she was about to charge her clothes to go to sleep, and without saying a word, he pushed her against a closet, tried to kiss her and touched her in the way descripted hereinbefore, first on her clothes and then, unbuttoning her pants and introducing his fingers into her vagina.------------------------------------------------

While that was happening, the victim tried to make him stop by shouting and pushing him, finally making him and his cousin get away from the place.------------------------------------------------------

### III. NAME OF THE CRIME ------------------------------------------------------------------------

I hereby consider that RENÉ ALBERTO URDANETA LEÓN is the author of the crime of sexual abuse with carnal access (section 45 and 119, third paragraph, Argentine Criminal Code).----------------------------

I understand that it has been proven through the preliminary investigation stage, that the accused sexually abused the victim using his strength as to get his objective. -----------------------------------

In relation with that, in accordance with the different collected proves, specially the testimony of the victim, it was proven that URDANETA LEÓN touched her intimate parts on her clothes and then introduced his fingers into her vagina while she was shouting and pushing him so that he stops doing it.-

I should indicate that, with the amendment of the Argentine Law 27.352, the conduct that was explicitly described appears in the third paragraph of the section 119 of the Argentine Criminal Code, including as "carnal access" the introduction into parts of the body – like in this case, of his fingers – anal or vaginal via, as it happened in the episode, subject of study.------------------------------------------------

Also, there is no doubt that it was a voluntary act performed by the accused, exteriorized by the mechanism and determination of his objective, without noting the mistake that could modify his responsibility.------------------------------------------------------------------------------------------

It is important to mention that this crime happened in a private context, having the victim authorized the criminal persecution when she presented this episode according to the section 72 of the Argentine Criminal Code.------------------------------------------------------------------------------

As for he being the author, it was proven that the accused had final domain, which was functional to the fact being studied, being able to decide how he was acting and without having another person's help to get it. ------------------------------------------------------------------------------

### IV. FORMAL PRESUPPOSITIONS ------------------------------------------------------------------

The declaratory investigation of the accused has been promptly complied with, (see the pages 52/53 and the deposition added in the page 57), and, also the order confirmed by the Room VII of the Argentine Chamber of Appeals with Jurisdiction over Criminal and Correctional Matters (page 114/115) has been complied with and they are both aligned to each other and to this requirement.-------------------



### V. PROBATORY FOUNDATION------------------------------------------------------------------

The elements of proof that are the basis of my opinion result to be the ones listed hereinbelow: ---------

1. the testimonial declarations by Luisana Romero Novoa (page 1 and 22/24); -------------------------------

2. the legal medical report that appears in the page 7/9 and 13; ---------------------------------------

3. the reports by the specialist of the "Victims against Violence Program" (page 10/12);--------------------

4. the testimony by Claudia Virginia Méndez Pabón (page 26/27);--------------------------------------

5. the reports by the Forensic Medical Body of the Argentine Justice in the pages 29/31 and 35/38;------

6. the reports by the Analysis Division of the Computing Intelligence of the Police of the City (page 868/77); and-------------------------------------------------------------------------------------------

7. the conversation and photos that were printed and added to pages 79/82.---------------------------------

### VI. VALORIZATION OF THE EVIDENCE:------------------------------------------------------------

The elements incorporated to the case allow to demonstrate both the materialization of the illegal conduct already descripted and the attribution of the responsibility to RENÉ ALBERTO URDANETA LEÓN.------------------------------------------------------------------------------------------------

With all the accounts of the victim, Luisana Romero Novoa, the circumstances of time, mode and place were set about the episode which damaged her and, at the same time, she initiated a criminal action according to the section 72 of the Argentine Criminal Code (page 1 and 22/24).- ----------------------------

She explained that, that night, she went with Claudia Méndez Pabón, her friend, to a bar in Palermo, City of Buenos Aires, where they met the accused and his cousin.----------------------------------

The victim told that then, the four of them went to her house and, around 4 am, she went to her room. She specified that when she was getting ready to go to bed, URDANETA LEÓN went into her room and started to touching her, first on her clothes and then introducing his fingers into her vagina.- ---------

The victim was very clear when she mentioned that she tried to push him away and shouted so that he stops doing it, but she could not get it until the accused left the room, and Romero Novoa went with him and his cousin to open them the door so they left.- --------------------------------------------

The victim also told that she went to sleep and, on the following day, she sent a WhatsApp message to her friend (Méndez Pabón, named hereinbefore) and explained to her what had happened that day early in the morning.- --------------------------------------------------------------------------

In addition, the victim exposed that Claudia told her that she talked to the accused, after she was told about what had happened, and she said he was feeling very bad and he wanted to say sorry to Romero Novoa, but that never happened.---------------------------------------------------------------------------

EXT - Urdaneta000095

24

In the same way, I have the account by Claudia Virginia Méndez Pabón (page 26/27), where she told how she met the accused and that, even though she was not present at the episode, subject of this case, she exposed that she received the messages by the already mentioned Application, WhatsApp.- ---

It is important to mention that, even though she did not present a criminal accusation, the truth is that Méndez Pabón declared that she lived an episode similar to that herein studied. She said that when she went to her room, the accused came in and tried to kiss her but, when she opposed to that, he left.- The conversation the victim and her friend had at midday after the reported fact, was extracted from the cellphone of the victim by the Analysis Division of the Computing Intelligence of the Police of the City (page 68/77) and then it was added to the page 79/82, giving more authenticity to her testimonies.- -----

Additionally, a report was made by the specialists of "Victims against Violence Plan" (page 10/12) after the interview with the victim when she was at the Hospital Durand. In that occasion, Romero Novoa told them the same circumstances exposed at the police station and at the intervenient court.-

On the other side, the victim was examined by a medical doctor, added to pages 7/9 and 13.---

The victim's account became stronger with the reports by the specialists at the Psychology Department of the Argentine Forensic Medical Body, occasion in which Romero Novoa told the same as that told at the police station (page 29/3 and 35/38).------------------------------------------------------

In the reports, it was concluded that the victim "(...) shows neither symptoms of psychotic or dementia alterations nor acute psychotic decompensation (...) she shows an unpleasant mood, reactive when there are facts like the ones are being investigated (...)" (texts in the page 31) and **shows a conflictive emotion compatible with sexual victimization"**. There were no elements that could indicate the victim has a personality who could distort the reality or could collude. She says that the victim's account has a logical structure of a unstructured elaboration that is framed in expectable time coordinates, including details and mentioning fragments of conversations and interactions with the accused", detecting "harmony between the account and the content of her discourse, evidencing...accurate affective resonance, manifestation of upset and reactive anxiety, fear and distrust", making the conclusion that **Romero Novoa "shows a conflictive emotion compatible with sexual victimization"**, recommending, like her college the performance of a therapeutic treatment (text in the page 38).- --------------------------------

At the moment of being called, in accordance with the section 294 of the Argentine Criminal Code of Procedure, URDANETA LEÓN denied the fact due to which he is being accused (page 52/53) and he then presented his deposition in writing (page 57).- ------------------------------------------------

At that opportunity, he said he had no relationship with the victim, whom he met that night for the birthday party of a friend they had in common, Claudia Virginia Méndez Pabón, when they were

talking and laughing the whole night. The accused explained that, after that, the victim Méndez Pabón invited them to her house, where they continued having drinks.-----------------------------------------

In relation with that, the accused assured that the victim went to sleep to another room and that then, she called him to ask him for a cigarette, inviting him to come in. He mentioned both were laying on her bed and kissed under her consent, touching each other her intimate parts in the same way Romero Novoa did it with him. Finally, he explained that, at a specific moment, that the victim said she did not want to continue and he immediately stopped, respecting her decision.-------------------------------------

Besides the version that the accused tried to keep, the truth is that the proves distort his account, understanding that it was an intent of getting away of his responsibility. -------------------------------

The members of the Room VII of the Argentine Chamber of Appeals with Jurisdiction over Criminal and Correctional Matters (page 114/115), when they held that "(...) " the evaluated proves allow to unbelieve the offered version by the accused as for the details he gave about the fact that the victim invited him to her room, that both kissed under her consent and that when Romero Novoa said she did not want to continue, he left the place (...), a different account from that of the victim and that of Méndez Pabón, to whom the accused said he did not remember what happened that night (...)" (textual).- --------

In relation with that, the accused assured to Méndez Pabón that he did not remember anything but, when we presented his deposition, he could say how the facts took place.--------------------------------

So, when analyzing the evidence incorporated to the case, I consider that the responsibility of the accused in this case has been proven and that it is based on the evidence.-----------------------------------

Considering that the preliminary investigation is complete, I understand that your honor should proceed to close this stage and to take this case to court for its following debate.----------------------------

According to the foregoing, the following Petition has been filed:-----------------------------------

VII. PETITION ------------------------------------------------------------------------------------------

1. be this petition answered to this representation of the Argentine Attorney General's Office.-

2. be the record of the accused's personality created.----------------------------------------

3. be the defense counsel notified in accordance with the section 349 of the Argentine Criminal Code of Procedure.- -------------------------------------------------------------------

4. previous to the compliance with the other procedural acts, be declared that this preliminary investigation is closed and that taking this case to court is ordered.- ---------------------------

Argentine Prosecutor's Office with Jurisdiction over Criminal and Correctional Matters N° 27, September 3rd, 2019.- ---------------------------------------------------------------------------------------

(FISCALNET NUMBER 35.008/2019- REF NC) -------------------------------------------------------------

[There appears an illegible signature under which it reads:] ESTELA M. VERDIGLIONE, ASSISTANT PROSECUTOR-------------------------------------------------------------------------------------------------------------

[There appears an illegible signature under which it reads:] [illegible] CLERK----------------------------------------------- RECEIVED AT THE CLERK'S OFFICE TODAY 9/5/19 AT 11.10AM. I STAMP MY SEAL.-------------------------------

[There appears an illegible signature under which it reads:] MARIA CECILIA PERZAN, CLERK -----------------

**TRANSFER PERFORMED – IT IS HEREBY REQUESTED TAKING THE CASE TO COURT - THE TESTIMONIES EXTRADITION – THE CREATION OF A SEPARATE CASE – THE PROHIBITION TO EXIT THE COUNTRY.-------**

**Mr. Judge:** Carlos E. Calvo, attorney at law (Book 58, Page 781, Attorneys Association in the City of the Argentine Republic), in representation of **LUISANA ROMERO NOVOA**, keeping the domiciled established at Avenida Santa Fe 1227, 7th floor, apartment "B" (electronic domicile 20163808111), in the case N° 36571/19 and I respectfully say: ----------------------------------------------------------------------------------------------

   **I. PURPOSE:** ---------------------------------------------------------------------------------------------------------------

   That, in my capacity, I promptly come to require taking the case to a public oral court of the case of RENÉ ALBERTO URDANETA LEÓN (hereinafter, "René Urdaneta" or "Urdaneta") regarding the crime due to which he is prosecuted (section 347 of the Argentine Criminal Code of Procedure).--------------------

   **II. PERSONAL INFORMATION OF THE PROSECUTED PARTY.--------------------------------------------------**

   According to the case, René Alberto Urdaneta León results to be the holder of the Argentine Identity for Foreigners N° 95.901.670, holder of the Venezuelan Identity Number 18.286.726 and of the Venezuelan Passport N° 145215750, Venezuela, born on June 11th, 1988, in the City of Maracaibo, Bolivarian Republic of Venezuela, 31 years old (son of Raimundo Urdaneta and of Eyilde Leon), married, with university studies completed, employee in the area of Gastronomy, domiciled at Avenida Santa Fe 2190, 2nd floor,  apartment 7, in the City of Buenos Aires, Argentine Republic.------------------------------------

   **III. THE CRIME:** -----------------------------------------------------------------------------------------------------------

   René Alberto Urdaneta León is being accused of having sexually abused, with carnal access, Luisana Romero Novoa, on May 23rd, on this year, around 4am, inside his domicile located at the street Acevedo 421, 7th floor, Apartment "D", in this City.---------------------------------------------------------------------

   **IV. REQUEST'S BASIS:--------------------------------------------------------------------------------------------------**

   The elements that were collected during the preliminary investigation allowed giving credit both to the materialization of the account told by the victim and to the criminal responsibility of René Alberto Urdaneta León; to know: ----------------------------------------------------------------------------------------------------------

   1) the criminal report by Luisana Romero Novoa, that was, not only ratified, but also, described in every stage in which she had to do it, explaining the sexual abuse committed by the accused on that date.-

Thus, the victim said that, with the purpose of celebrating her friend, Claudia Virginia Méndez Pabón, 's birthday, with whom she was living with and lives in the apartment where the sexual abuse occurred-, the night before the crime, they got together at Avant Garden, a bar in the City of Buenos Aires, with a friend of her – René Urdaneta -, who, at the same time, went to the bar with her cousin, name of whom the victim did not remember. The celebration continued at another bar named "1310". Around 4 am, when the bar closed, they decided to continue with their meeting in the apartment where the victim and her friend were living. They were in the kitchen, where they drank a glass of wine, after which neither the victim nor her friend Claudia wanted to keep on drinking, besides Urdaneta and his cousin's insistence. At a moment, Urdaneta's cousin leaves the apartment to go for alcohol and the victim went to her room to change her clothes to go to sleep when, René came in directly, pushed her against the closet and started kissing and touching her besides the victim's resistance and exclamations that she did not want to have any physical or sexual contact. She could not get away with him, he touched her everywhere, on her clothes, on all her body, he unbuttoned her pants, introducing his hand inside them and penetrating his fingers into her vagina. She was asking him to stop, she was pushing him but the accused did not stop his sexual act and she was feeling he was hurting her a lot. She did not remember if she had shouted at him or pushed but, at a specific moment, he moved away saying he did not stop because he thought she was enjoying it. ---------------------------------------------------------------------------------------------------------------

After that, she left her room, took the keys and urged the accused and his cousin (who had already come back from buying alcohol and was smoking in the kitchen) to leave her domicile, due to which, she went downstairs to open them the door. The next day, her friend, Claudia, told her that, before Urdaneta went into the victim's room, he had previously come into her room to try to do the same but she had opposed to that. When declaring before the Court, Romero Novoa showed the application "WhatsApp" on her phone, where there was a conversation with her friend, Méndez Pabón, after the crime and that conversation was related to what happened with Urdaneta. (pages 1 and 22/4). -------------------------------

2) Although she did not file a criminal complaint like Romero Novoa about her sexual abuse by Urdaneta León, Claudia Méndez Pabón, the witness not only ratified the circumstances of time and place – the presence of Urdaneta León in her domicile early in the morning on May 23rd, together with his cousin, "Carlos"- but also, said that, before the sexual abuse of Romero Novoa by Urdaneta León, he had come into her room and tried to pressure her to have sex and that, when she opposed, he had stopped and left her room.- ---------------------------------------------------------------------------------------------

ian
glés
. Fed
1971

cio .
ducto
To. y
ip. /

Additionally, Méndez Pabón ratified the content of the messages they sent to each other with the victim after the crime and, also, the messages she exchanged with Urdaneta and that, later, she forwarded to the victim.- ----------------------------------------------------------------------------------------------------------------------

3) Confirming what Romero Novoa and Méndez Pabón have declared, the content of the phone messages, extracted by the Analysis Division of the Computing Intelligence of the Police of the City of Buenos Aires, was added to the case, (see pages 66/70, the record at the Clerk's Office and the transcription of pages 79/82).- -----------------------------------------------------------------------------------------------

4) It is hereby added, working as basis of the occurrence of the crime, the medical interview set by the Court and materialized by Guillermo Naveiro, Medical Doctor (in the pages 7/9), who left evidence of what Romero Novoa said as for "a man named René Urdaneta penetrated her vagina with the fingers of his hand".- ------------------------------------------------------------------------------------------------------------------

5) In the same way, the interview with the victims by the licensed Raquel L. Sasson and Andrea Saldaña, from the Movile Agency of Assistance to Victims of Sexual Violence, who firstly informed the account by the victim as for: "she went to her room to sleep and, when she was taking off her earrings, Mr. René Urdaneta came in without previous notice, took her with force and started kissing and touching her"... She said: "he unbuttoned my pants and put her hand inside and penetrated his fingers. I pushed him, I wanted to get rid of him, but he was very strong. I pushed him again until he left the room". Then, the professionals said that the account by Romero Novoa appeared "coherent and ordered and that she looked visibly upset...but committed to continue with the judicial process" (see **pages 10/2**).- --------------

6) It corresponds to add the report by the professionals at the Forensic Medical Body of the Argentine Subject, who evaluated Romero Novoa – José Martínez Ferretti, Medical Doctor and Ariana García (respectively in the pages 29/31 and 35/8). -----------------------------------------------------------------------

In that sense, this petition clearly expresses what the judge refers to in the order of committal to trial for Urdaneta León: --------------------------------------------------------------------------------------------------

"it was a solid account due to the fact that, apart from the victim, one more time, the professionals reproduced details of the sexual approach and described what it consisted of; the objective evaluation by them results to be essential in these types of procedures as they are specialized people and are capable of differentiating the credibility and the mendacity in a testimony and, also, for the research of all that appearing in the account.--------------------------------------------------------------------------------------

It is important to mention that Mr. Martínez Ferretti, Medical Doctor, in a context of an individual psychical exam, apart from the fact of dismissing particularities in the young girl (she was aware of the time and space and of the environment and of her own person, she showed neither symptoms of

EXT - Urdaneta000100

psychotic or dementia alterations nor acute psychotic decompensation. Her mental capacities are normal from the psycho-juridical point of view), he left a relevant matter in evidence, and this is: "in a volitional frame, she shows an unpleasant mood, reactive when there are facts like the ones are being investigated, and this mood manifests itself when treating the subject", something that made the Doctor conclude that Romero Novoa shows signal of a symptomatology compatible with a lived reaction related to the facts that are being investigated"", recommending "an interdisciplinary approach in Mental Health in an ambulatory way".- -------------------------------------------------------------------------------------------------

7) Considering the foregoing evidence, the dishonest and unbelievable deposition presented by the accused confirms the crime even more.---------------------------------------------------------------------------

In effect, there are defensive arguments that are, because of their content, closer to a confession than to a proper defense. That is the case of Urdaneta León.------------------------------------------------------

Thus, in first place, the accused admitted his presence in the apartment on the date of the crime and even admitted having come into the Romero Novoa's room.----------------------------------------------------

From that point, he developed his false description of the facts: that it was the victim who invited him to her room and that they had sexual contact under her consent. ---------------------------------------------

Besides the different version presented by Romero Novoa, absolutely logical in the sense of filing a criminal complaint, credibility of which was ratified by different professionals who evaluated her, the truth is that original deposition by Urdaneta contradicts what he, himself, says to the witness Méndez Pabón via chat some hours after the sexual attack: that he did not remember anything of what had occurred that day in relation with the plaintiff. -------------------------------------------------------------------

Did he remember or not what occurred that night? If he had not remembered, he would not have told his version of what had happened. - -------------------------------------------------------------------------

The truth is that, that procedural conduct by the accused shall be described as a signal of guilt.----

Due to all that, according to that supported in the order of committal to trial made by the judge, and confirmed by the appeal, the materialization of the fact is absolutely proven and the author of the crime is Urdaneta León, considering that it corresponds to take the case to an oral and public court.------

**V. CRIME'S LEGAL NAME:** ----------------------------------------------------------------------------------

The criminal conduct committed by René Alberto Urdaneta León results to be a crime of sexual abuse with carnal access, set, and reprimed by, the section 119, third paragraph, based on the first paragraph of the Argentine Criminal Code, which establishes:-----------------------------------------------------------------

**SECTION 119:** That who sexually abused a person when...applied violence... (first paragraph) shall be reprimed with reclusion or prison... -------------------------------------------------------------------------

*Chal*
*ública*
*a 357 (*
*.C.B.A.*

The punishment shall consist of six (6) to fifteen (15) years of reclusion or prison when, having the circumstances of the first paragraph, there were carnal access by the anal, vaginal or oral via or other similar acts taook place, like introducing objects or parts of the body into any of the first two vias. (third paragraph).- -------------------------------------------------------------------------------------------------------

VI. PETITION.- ---------------------------------------------------------------------------------------------------------

Due to the arguments exposed, this plaintiff requires:---------------------------------------------------

1. Taking the case to oral and public court and, as for René Alberto Urdaneta León, according to the section 347 of the Argentine Criminal Code of Procedure.------------------------------------------------

2. On the other side, by virtue of the collected accounts (by Luisana Romero Novoa and by Claudia Virginia Méndez Pabón), the conduct of the accused's possible cousin, known as "Carlos", would be set and reprimed by the section 108 of the Criminal Code, considering he has less inherence in the crime committed by the accused, I request the extradition of the testimonies of this case and that a new case is separately investigated.-------------------------------------------------------------------

3. Due to the fact that René Alberto Urdaneta León results to be a foreigner, as to secure he is subjected to the process, I request that his prohibition to exit the country is ordered issuing the corresponding petitions.-----------------------------------------------------------------------------------------------

Provided Accordingly. As justice demands.- --------------------------------------------------------------------------

[There appears a badge under which it reads:] Public Attorney General's Office --------------------------------

ARGENTINE COURT WITH JURISDICTION OVER CRIMINAL AND CORRECTIONAL MATTERS N°3--------------

CLERK'S OFFICE N°110---------------------------------------------------------------------------------------------------------

CASE N° 571/2019-------------------------------------------------------------------------------------------------------------

"URDANETA, René" -----------------------------------------------------------------------------------------------------------

MANIFESTS ---------------------------------------------------------------------------------------------------------------------

Ms. Judge:----------------------------------------------------------------------------------------------------------------------

FEDERICO M. MALATO, Assistant Public Attorney At Law, in charge of the Official Public Attorney General's Office with Jurisdiction over Criminal and Correctional N°23, establishing electronic domicile at CUID 50000002507, in the case mentioned before and in representation of René Urdaneta, with the personal conditions appearing in the case, I am writing to you and say that:--------------------------

Having the requirement of taking the case to court be notified, in accordance with the conditions of the section 349 of the Argentine Criminal Code of Procedure, I hereby come to manifest that I will not either add exceptions or order the stay of my assisted accused, without detrimental to the innocence presumption being valid in the legislation (sections 18 and 75, subsection 22 of the Argentine

EXT - Urdaneta000102

31

Constitution; 8.2 of the American Convention of Human Rights; 14.2 of the International Agreement of the Civil and Political Rights and 1 of the code mentioned before). ----------------------------------------------------

Now, in relation with the option set in the section 349, subsection 3 of the Argentine Criminal Code of Procedure, I let you know that, through a telephone conversation, my assisted accused manifested he seeks the intervention of a collegiate court for the plenary stage. -------------------------------

Consequently, I request that the foregoing is considered and, that the corresponding acts are sent to the corresponding Court.-------------------------------------------------------------------------------

Provided Accordingly. As justice demands.- ------------------------------------------------------------------

[There appears an illegible signature under which it reads:] Federico Malato, Co-assistant Public Attorney General.- --------------------------------------------------------------------------------------------------

[There appears a badge under which it reads:] **ARGENTINE REPUBLIC, JUDICIAL BRANCH, Argentine Chamber of Appeals with Jurisdiction over Criminal and Correctional Matters** --------------------------------

--------------------------------------------------FILE OF PERSONAL INFORMATION --------------------------------------------

**CASE N° 23/DNIE/9590167** --------------------------------------------------------------------------

**PERSONAL INFORMATION**--------------------------------------------------------------------------------------

Last name and Name: URDANETA LEÓN, RENÉ ALBERTO----------------------------------------------------------

Nationality: Venezuelan------------------------------------------------------------------------------------------

Identity Document: DNIE 95901670----------------------------------------------------------------------------

Place of Birth: Maracaibo, Venezuela ----------------------------------------------------------------------------

**RELATED CASES:** --------------------------------------------------------------------------------------------

**CCC 36571/2019/1** ------------------------------------------------------------------------------------------

**CCC 36571/2019**----------------------------------------------------------------------------------------------

**ARGENTINE REGISTRY OF RECIDIVISM**----------------------------------------------------------------------

[Bar Code] O4115496-----------------------------------------------------------------------------------------

--------------------------------------------------**FINGERPRINT FORM** -------------------------------------------------

Place and Date: Buenos Aires, Tuesday, June 18th, 2019------------------------------------------------------

Name and Last Name: RENE ALBERTO, URDANETA LEÓN -------------------------------------------------------

Birthdate: 06/11/1988 ------------------------------------------------------------------------------------------

Nationality: Venezuelan------------------------------------------------------------------------------------------

Argentine Identity Number: 95.901.670-----------------------------------------------------------------------

Father's Name: RAIMUNDO RENE --------------------------------------------------------------------------------

Mother's Name: EYILDE LEÓN -------------------------------------------------------------------------------------

[Imagen] THUMB FINGER -------------------------------------------------------------

[Imagen] INDEX FINGER -------------------------------------------------------------

[Imagen] MIDDLE FINGER------------------------------------------------------------

[Imagen] RING FINGER ---------------------------------------------------------------

[Imagen] SMALL FINGER -------------------------------------------------------------

[Imagen] THUMB FINGER-------------------------------------------------------------

[Imagen] INDEX FINGER -------------------------------------------------------------

[Imagen] MIDDLE FINGER------------------------------------------------------------

[Imagen] RING FINGER ---------------------------------------------------------------

[Imagen] SMALL FINGER -------------------------------------------------------------

[There appears an illegible signature under which it reads:] Identified person's signature --------------------

[There appears an illegible signature under which it reads:] Public Officer who identifies 's signature -----

Buenos Aires, June 18th, 2019-------------------------------------------------------

**To Mr. Director at the Argentine Registry of Recidivism:**-----------------------------------------

Alejandra M. Alliaud, Argentine Judge, in charge of the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3 (located at the street Talcahuano 550, 5th floor, office 5079, City of Buenos Aires, phone: 4372-4679), I am writing to you as for the **case number 36571/2019** titled **"URDANETA RENE ABOUT/SEXUAL ABUSE…",** which is being treated at the Clerk's Office 110 under my charge, as to request you to proceed with the extradition with triple set of fingerprints of the accused on the summary I refer hereby – **RENE ALBERTO URDANETA LEON, holder of the Argentine Identity Number  95.901.670,** after which it should be taken to this court, within the period of 48hs, the report of the criminal records he could register.-------------------------------------------------------------------------

Yours Respectfully, ---------------------------------------------------------------------

[Illegible signature], CONSTANZA MACRI, CLERK AD HOC ------------------------------------------

2019 – year of the export----------------------------------------------------------------

[Bar code] Code: O4115496 ---------------------------------------------------------------

ARGENTINE REGISTRY OF REVIDIVISM --------------------------------------------------------

Buenos Aires, Wednesday, June 19th, 2019 ------------------------------------------------------

INFORMATION GIVEN BY THE ARGENTINE REGISTRY OF REVIDIVISM -----------------------------------------

[There appears the picture of a human being] ------------------------------------------------------

Fingerprints taken by the ARGENTINE REGISTRY OF REVIDIVISM --------------------------------------------

1. Fingerprints given by the applicant--------------------------------------------------------

2. Dactylic printings and picture by the ARGENTINE REGISTRY OF REVIDIVISM according to the Argentine Identity Number informed for the application ----------------------------------------------------------------------

Mr. Judge:--------------------------------------------------------------------------------------------------------------------

I am writing to you to answer your request of Reports of Sexual Abuse Crimes of the case N° 36571/2019 before the Argentine Court with Jurisdiction over Criminal and Correctional Matters N°3.--------------------

In that sense, it is communicated that Mr. RENE ALBERTO URDANETA LEON, personal conditions and digital printings of whom are hereto attached, DOES NOT REGISTER ANY CRIMINAL RECORDS TO BE INFORMED BY THIS UNIT.------------------------------------------------------------------------------------------------------

The Petition about Reports on Sentences and Pending Procedures and the fingerprints that have been registered in a digital format is being given back. ------------------------------------------------------------------

[Illegible signature] LIDIA GRACIELA PAWLUKOVICZ, ARGENTINE REGISTRY OF REVIDIVISM ------------------

RECEIVED AT THE CLERK'S OFFICE TODAY ON 6/21, 2019, AROUND 10: [illegible], I HEREBY STAMP MY SEAL AND SIGN.-------------------------------------------------------------------------------------------------------------

[Illegible signature] CONSTANZA MACRI, CLERK AD HOC ----------------------------------------------------------

ARGENTINE REPUBLIC ----------------------------------------------------------------------------------------------------

INTERNAL AFFAIRS MINISTRY ------------------------------------------------------------------------------------------

ARGENTINE FEDERAL POLICE ---------------------------------------------------------------------------------------------

SECURITY DIVISION – ARGENTINE JUDICIAL BRANCH-------------------------------------------------------------------

-------------------------------------------------INFORMATION ---------------------------------------------------------

-------------------------------About the criminal records, conduct and concept---------------------------------

(Sections 26 and 41 of the Argentine Criminal Code)------------------------------------------------------------------

**ABOUT: URDANETA LEON, RENE ALBERTO.**----------------------------------------------------------------------------

**CASE NUMBER: 36571/2019**---------------------------------------------------------------------------------------------

[There appears a seal that reads:] ARGENTINE REPUBLIC, ARGENTINE FEDERAL POLICE, SECURITY DIVISION, ARGENTINE JUDICIAL BRANCH --------------------------------------------------------------------------------

[Illegible signature] Clerk, Inspector Marcela HERRERA, Security Division – Argentine Judicial Branch------

[Illegible signature] Instructing Officer - Assistant Commissioner Flavia Lorena GAUNA, 2nd Chief of Security Division at the Argentine Judicial Branch----------------------------------------------------------------------------------

This information has as purpose to clearly leave evidence of the accused's conduct, his criminal records, legal sections, morality, habits and other items, to the effect of the conditional punishment and as to determine the level of guilt in the divisible crimes, in accordance with sections 26 and 41 of the Criminal Code.-------------------------------------------------------------------------------------------------------------------

"2019- Year of Export" ------------------------------------------------------------------------------------

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/10 y.k.p. ----------------------------------------------------------------------------------------

Buenos Aires, June 24, 2019 ---------------------------------------------------------------------------------

Mr. Judge:----------------------------------------------------------------------------------------------------

       I have the pleasure to write to you, in relation to the case number 36571/2019, regarding **URDANETA LEON, RENE ALBERTO**, who is identified with the file series **AGE Number 250744**. ------------

       Attached hereto, I am sending you the book of information, with the caution mentioned in the sections 26 and 41 of the Argentine Criminal Code, correspondent to the accused for having been requested, which consist of 4 useful pages.- ------------------------------------------------------------------

Yours respectfully,-----------------------------------------------------------------------------------------

[Illegible signature] Instructing Officer - Assistant Commissioner Flavia Lorena GAUNA, 2nd Chief of Security Division at the Argentine Judicial Branch----------------------------------------------------------------------

RECEIVED AT THE CLERK TODAY 06/25/2019 AT 8:25, I STAMP MY SEAL ------------------------------------------

[Illegible signature] CONSTANZA MACRI, SECRETARIA AD HOC -----------------------------------------------

Buenos Aires, September 5th, 2019 --------------------------------------------------------------------------

Be the summary of personal identity corresponding to **RENÉ ALBERTO URDANETA LEÓN** signed and be the **sections 102 RJCC** complied with.- ----------------------------------------------------------------------

[Illegible signature] SILVIA NORA RAMOND, JUDGE ----------------------------------------------------------

Before me: [illegible signature] MARÍA CECILIA PERZAN, COURT CLERK-----------------------------------------

**I HEREBY CERTIFY:** that it is correct, in accordance with the **pages 6 and 9, that the accused does NO register** any criminal record. I stamp my seal- ----------------------------------------------------------

Clerk's Office N°110, September 5th, 2019.- -----------------------------------------------------------------

[Illegible signature] MARÍA CECILIA PERZAN, COURT SECRETARY----------------------------------------------

Complied on this date, I HEREON STAMP MY SEAL.------------------------------------------------------------

[Illegible signature] MARÍA CECILIA PERZAN, COURT SECRETARY----------------------------------------------

[There appears a copy of an Argentine Identification Credential] -----------------------------------------------

ARGENTINE REGISTRY OF VITAL STATISTICS --------------------------------------------------------------------

INTERNAL AFFAIRS MINISTRY-----------------------------------------------------------------------------------

FOREIGNER -----------------------------------------------------------------------------------------------------

Last Name: URDANETA LEÓN ----------------------------------------------------------------------------------

Name: RENÉ ALBERTO----------------------------------------------------------------------------------------

Sex: MALE ----------------------------------------------------------------------------------------------------

Nationality: VENEZUELAN ----------------------------------------------------------------------------

Birthdate: JUNE 11, 1988 -----------------------------------------------------------------------------

Date of Issue: OCTOBER 17, 2018 --------------------------------------------------------------------

[Illegible signature] Identification Signature ------------------------------------------------------

Document: 95.901.670 --------------------------------------------------------------------------------

Procedure Number: 005683690437008 ----------------------------------------------------------------

[Bar Code]----------------------------------------------------------------------------------------------

Domicile: AV SANTA FE 3373 7C – CITY OF BUENOS AIRES – UNIT 4 --------------------------------

Place of Birth: VENEZUELA ----------------------------------------------------------------------------

Date of Registration: March 26th, 2018 --------------------------------------------------------------

Category of Enter: Temporary ------------------------------------------------------------------------

CASE: [illegible] ---------------------------------------------------------------------------------------

Regulation: 216215 ------------------------------------------------------------------------------------

Expiration Date: October 17th, 2018-----------------------------------------------------------------

Personal Tax Identification: 20-95901670-5 ---------------------------------------------------------

[Illegible signature]------------------------------------------------------------------------------------

Rogelio Frigerio, Internal Affairs Ministry ----------------------------------------------------------

[image] Thumb finger----------------------------------------------------------------------------------

IDARG95901670 ----------------------------------------------------------------------------------------

The foregoing is a true and accurate translation into English of the original document in Spanish that I have had before me and I attach hereto. In Buenos Aires, on April 8th, 2021. ----------------------------------

La que antecede es traducción fiel al idioma inglés del documento original en idioma español que he tenido a la vista y al cual me remito. En Buenos Aires, a los 8 días del mes de abril de 2021. ----------------

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización

N° 17866 21 9

JACOBO A. MORGUNOVSKY MICHELL

Rocío S. Chakarian
Traductora Pública - Inglés
Mat. T. XX F. 357 Csp. Fed.
Inscrip. C.T.P.C.B.A. N.° 7970

EXT - Urdaneta000107



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# <u>LEGALIZACIÓN</u>

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,
en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que
la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes
al/a la Traductor/a Público/a     CHAKARIAN, ROCÍO SOLEDAD
que obran en los registros de esta institución, en el folio        del Tomo       en el idioma

357              20              INGLÉS

Legalización número:     **17966**

Buenos Aires,     08/04/2021

MARCELO F. SIGALOFF
Gerente Dpto. de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:     48213117966



Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

EXT - Urdaneta000108

0207490

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

EXT - Urdaneta000109

Poder Judicial de la Nación

CAMARA NACIONAL DE APELACIONES EN LO CRIMINAL Y CORRECCIONAL - SALA 7

CCC 36571/2019/CA1 –

"URDANETA, René". Procesamiento. Abuso sexual. Juzg. Nac. Crim. Corr. N° 3.c

///nos Aires, 12 de agosto de 2019.

Y VISTOS:

La defensa de René Alberto Urdaneta apeló el procesamiento dictado a fs. 87/95 y en la audiencia celebrada la Dra. Viviana Paoloni fundamentó los agravios introducidos en el recurso presentado a fs. 97/99.

El Tribunal considera que los argumentos del recurrente deben ser desestimados.

En efecto, los dichos de Luisana Romero Novoa (fs. 1 y 22/24) se han visto corroborados con el informe elaborado por la Brigada Móvil de Atención a Víctimas de Violencia Sexual (fs. 10/12), obtenido en el mismo día de la ocurrencia del hecho atribuido al imputado.

Además del relato circunstanciado que aquélla brindara, en el que refirió que Urdaneta ingresó a su habitación sin previo aviso, la empujó contra el ropero y le tocó los pechos, la vagina y los glúteos, le desabrochó el pantalón e introdujo sus dedos en la vagina, pese a que aquélla intentó detenerlo en varias ocasiones, las psicólogas intervinientes expresaron que Romero Novoa se mostró visiblemente angustiada por el episodio vivido y se encontraba comprometida con el proceso judicial iniciado (fs. 12), lo cual permite descartar cualquier animosidad por parte de la denunciante y avala la credibilidad de sus dichos.

A ello se suma el informe elaborado por el Cuerpo Médico Forense, que concluyó en que la víctima evidenció signosintomatología compatible con una reacción vivencial verosímilmente relacionada con los hechos que se investigan (fs. 29/31).

Asimismo, se cuenta con el estudio pericial que valoró como verosímil su discurso, que resultó fluido, con una resonancia afectiva acorde a las temáticas abordadas, sin que se adviertan signos de un

cha de firma: 12/08/2019
rmado por: JUAN ESTEBAN CICCIARO, JUEZ DE CAMARA
rmado por: MARIANO ALBERTO SCOTTO, JUEZ DE CAMARA
rmado por: MAURO ANTONIO DIVITO, JUEZ DE CAMARA
rmado(ante mí) por: MARIA VERONICA FRANCO, SECRETARIA DE CÁMARA



#33652808#240914013#20190812133030864

EXT - Urdaneta000110

Poder Judicial de la Nación

CAMARA NACIONAL DE APELACIONES EN LO CRIMINAL Y CORRECCIONAL - SALA 7

CCC 36571/2019/CA1 –

"URDANETA, René". Procesamiento. Abuso sexual. Juzg. Nac. Crim. Corr. N° 3.c

incremento en la ideación confabuladora o tendencia a la distorsión de la realidad (fs. 35/38).

Refuerzan la imputación los dichos de Claudia Virginia Méndez Pabón, quien refirió que, previo al episodio que damnificó a Romero Novoa, el imputado ingresó a su habitación e intentó besarla en tres oportunidades, pero ante la negativa de Méndez Pabón se retiró. Agregó que tomó conocimiento del hecho por los dichos de la víctima y que le envió un mensaje de WhatsApp al imputado reprochándole su accionar, quien dijo no recordar lo ocurrido pero que *"si llegó a ofender, que lo disculpáramos, que no había sido su intención"* (fs. 26/27).

Finalmente se cuenta con la transcripción de la conversación que mantuvieron la damnificada con la testigo dando cuenta de los tocamientos –*"me empezó a manosear y besar…yo lo empujaba y lo golpeaba y el coño no paraba…me metió la mano allá abajo, empezó a manosearme…me estaba haciendo daño, me estaba doliendo…yo lo empujaba, si no es porque le doy un coñazo el tipo me viola ahí"*- (fs. 79/80).

En consecuencia, las pruebas valoradas permiten descreer de la versión ofrecida por el imputado en cuanto brindó detalles acerca de que la denunciante lo invitó a la habitación, que ambos se besaron con el consentimiento de ella y que cuando Romero Novoa le dijo que no quería continuar se retiró del lugar (fs. 52/53 y 57), relato que difiere del vertido por la víctima y de lo referido por Méndez Pabón, a quien el imputado le dijo no recordar lo ocurrido aquella noche; sin que la ausencia de lesiones en la damnificada neutralice la imputación formulada, en función de los elementos de cargo reunidos.

Por ello, el Tribunal RESUELVE:

cha de firma: 12/08/2019
rmado por: JUAN ESTEBAN CICCIARO, JUEZ DE CAMARA
rmado por: MARIANO ALBERTO SCOTTO, JUEZ DE CAMARA
rmado por: MAURO ANTONIO DIVITO, JUEZ DE CAMARA
rmado(ante mi) por: MARIA VERONICA FRANCO, SECRETARIA DE CAMARA



#33652808#240914013#20190812133030864

EXT - Urdaneta000111

Poder Judicial de la Nación

CAMARA NACIONAL DE APELACIONES EN LO CRIMINAL Y CORRECCIONAL - SALA 7

CCC 36571/2019/CA1 –

"URDANETA, René". Procesamiento. Abuso sexual. Juzg. Nac. Crim. Corr. N° 3.c

CONFIRMAR la resolución dictada a fs. 87/95, en cuanto fue materia de recurso.

Notifíquese y devuélvase.

Sirva lo aquí proveído de respetuosa nota de remisión.

Mariano A. Scotto

Juan Esteban Cicciaro                    Mauro A. Divito

Ante mí: María Verónica Franco

cha de firma: 12/08/2019
rmado por: JUAN ESTEBAN CICCIARO, JUEZ DE CAMARA
rmado por: MARIANO ALBERTO SCOTTO, JUEZ DE CAMARA
rmado por: MAURO ANTONIO DIVITO, JUEZ DE CAMARA
rmado(ante mi) por: MARIA VERONICA FRANCO, SECRETARIA DE CAMARA


#33652808#240914013#20190812133030864

EXT - Urdaneta000112

*Ministerio Público de la Defensa*

JUZGADO NACIONAL CRIMINAL Y CORRECCIONAL N° 3
SECRETARÍA N° 110
CAUSA N° 46.571/2019
"URDANETA, Rene"

## MANIFIESTA

Señora Jueza:

**FEDERICO M. MALATO,** Defensor Público Coadyuvante interinamente a cargo de la Defensoría Publica Oficial en lo Criminal y Correccional n° 23, constituyendo domicilio electrónico en CUID 50000002507, en la causa del epígrafe y en representación de René Urdaneta, de las demás condiciones personales obrantes en autos, me dirijo a usted y digo:

Habiéndoseme notificado del requerimiento de elevación a juicio formulado, acorde con lo previsto en los términos del art. 349 del Código Procesal Penal de la Nación, vengo por este medio a manifestar que no habré de oponer excepciones ni instaré el sobreseimiento de mi asistido, sin perjuicio de que aún sigue vigente la presunción de inocencia de la cual todo imputado goza, tal como está previsto en la legislación (arts. 18 y 75 inc. 22 de la Constitución Nacional; 8.2 de la Convención Americana de Derechos Humanos; 14.2 del Pacto Internacional de Derechos Civiles y Políticos y 1 del Código de forma).

Ahora bien, con relación a la opción prevista en el art. 349 inc. 3° del Código Procesal Penal de la Nación, pongo en su conocimiento que por medio de una comunicación telefónica mi asistido manifestó que desea la intervención de un tribunal colegiado para la etapa plenaria.

Consecuentemente solicito que se tome razón de lo expuesto y oportunamente se disponga la remisión de las actuaciones al Tribunal correspondiente.

Proveer de Conformidad, que

SERÁ JUSTICIA.-

Federico Malato
DEFENSOR PÚBLICO COADYUVANTE

USO OFICIAL

EXT - Urdaneta000113

Poder Judicial de la Nación

JUZGADO NACIONAL EN LO CRIMINAL Y CORRECCIONAL NRO. 3
CCC 36571/2019

///nos Aires, 16 de diciembre de 2019.-

Por recibida, agréguese la presentación efectuada por la parte querellante y al respecto:

-de tener en cuenta la orden de detención librada contra el prófugo *RENÉ ALBERTO URDANETA LEÓN* en el decisorio de **fs. 151/2** y que se ha visto corroborado su egreso del territorio (cfme. **fs. 164),** corresponde, tal como se solicita, **HACER EXTENSIVA SU CAPTURA al ámbito internacional,** lo que así se **decide.** En consecuencia, ofíciese, en los términos dispuestos, al **Señor Jefe del Departamento Interpol de la Policía Federal Argentina –Sección Extradiciones-,** poniéndose además en su conocimiento las circunstancias relevantes del caso. Notifíquese mediante cédulas electrónicas.-

-autorízase la extracción de fotocopias, a costa de la querella y bajo constancia de entrega en el sumario.- **P.R.S.**

MARIANO ITURRALDE
JUEZ

Ante mí:

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

En la fecha se cumplió. CONSTE.-

MARÍA CECILIA PERZAN
SECRETARIO DE JUZGADO

*echa de firma: 16/12/2019*
*ta en sistema: 17/12/2019*
*rmado por: MARIANO ITURRALDE, JUEZ*
*rmado(ante mi) por: MARIA CECILIA PERZAN, SECRETARIA DE JUZGADO*



#33652808#252693272#20191216151736174